Argued February 7, affirmed as modified February 20, 1963

# AGRUE *v.* AGRUE
### 378 P. 2d 965

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the briefs were Ringo & Walton, Corvallis.

*Robert Mix,* Corvallis, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

In July, 1959 plaintiff, wife, was awarded a decree of divorce from defendant. She was also awarded child support and alimony. In November, 1961 defendant moved that the decree be modified to reduce the amount of child support and alimony payments. Following a hearing on the motion the court reduced the child support payments for a period beginning February 1, 1962, to August 1, 1962, when the original amount of the payments were ordered to be restored. The order also reduced the amount of the alimony but did not require that such payments should also be restored at a later date. Plaintiff appeals from the decree.

Defendant, a dentist, had been engaged in the successful practice of his profession in Corvallis for several years prior to the last few months of 1961. According to defendant's testimony his practice dwindled to almost nothing in November and December of 1961. He stated that it would have been "economical suicide" for him to have attempted to continue his practice. In January, 1962 he sold the practice. He expressed the intent to move to California and establish himself there. He assigned the loss of income and the need for time to gain a license to practice in California as his reasons for wanting the reduction in the obligation fixed by the original decree.

The evidence in this case, and the conclusions to be made from the evidence, vary materially from those

stated in the opinion in *Nelson v. Nelson,* 1960, 225 Or 257, 357 P2d 536. In Nelson there was a finding of good faith upon the part of the doctor who also had decided to move to California. In this case the court expressed a substantial doubt as to the good faith of this defendant. The evidence supports that doubt. Defendant admitted that he had made no effort to find any other means by which to practice his profession other than the rather vague plan to go to California. All of the evidence suggested an intent to evade rather than perform. However, the court was justified in making a temporary reduction in the total payments defendant was required to make. The evidence did not justify the permanent reduction in alimony.

Accordingly, the order will be modified to require that the amount of alimony fixed in the original decree be restored as of August 1, 1962. Otherwise the order is affirmed. Costs allowed to neither party.