Argued September 17, affirmed as modified October 10, 1969

# ROBERTS, *Appellant, v.* ROBERTS, *Respondent.*

459 P2d 562

*Claud A. Ingram,* John Day, argued the cause and filed the briefs for appellant.

*Ralph Bolliger,* Beaverton, argued the cause for respondent. With him on the brief were Myatt, Bolliger & Lewis, Beaverton.

Before Schwab, Chief Judge, and Langtry, Foley, Fort* and Branchfield, Judges.

---

* Fort, J., did not participate in this decision.

LANGTRY, J.

Plaintiff has appealed from a trial court order modifying a divorce decree provision which required defendant to pay $200 per month each for the support of two daughters. Custody of the girls, now 14 and 11 years of age, was awarded to the mother. The modification reduced the support payments to $100 per month for each child, and was responsive to a motion of defendant to eliminate all support requirements.

The divorce was decreed in March 1964, following what the trial judge described as an "intensely" contested trial. Besides providing for support, the decree divided and disposed of substantial property. Plaintiff was awarded the divorce but was denied alimony.

At the time of the divorce and in the following year, defendant was a practicing dentist in Lebanon, Oregon, earning $16,000 to $18,000 per year. He frequently failed to pay support, and there were continuous court appearances. The record shows that thirteen attorneys have represented the parties, and five judges have ruled in the proceedings. Indeed, defendant has been so persistent in avoiding payment, and plaintiff so dedicated to making him pay, that the battle itself appears to have been more important than the results.

In 1965, after a second finding of contempt, defendant was sentenced to a 30-day jail term. Soon after serving his sentence, defendant sold his dental practice, put the net proceeds of about $32,000 in a trust beyond the jurisdiction of the court, and made his residence in Canada, where he practiced dentistry. He paid no support for several years, and was twice apprehended on criminal nonsupport charges while

visiting in the United States. Finally, he paid up the delinquent support and started this proceeding.

He alleges change of circumstances in that he has become so emotionally upset he cannot continue practice in his profession; that consequently he has returned to school to learn a specialty which will be less of a strain upon him, and that his income is insufficient to do more than support himself. Further, he asserts plaintiff now has obtained a Master's Degree in education and has, or should have, sufficient income to support the children.

The trial court's order cutting the support obligation by one-half was made in September 1968. In argument before this court, counsel agreed the payments required by the modification have been kept current.

In *Nelson v. Nelson,* 225 Or 257, 357 P2d 536, 89 ALR 2d 1 (1960), the Oregon Supreme Court said that where a father in bad faith voluntarily worsens his financial condition he may not thereby justify reduction of support payments. The plaintiff relies upon this rule, contending that the history of defendant's attempts to avoid payment show bad faith. Defendant responds that in the *Nelson* case, the defendant physician was given consideration for reduction of support where he quit a practice netting $2,000 per month and took a job paying $1,000 per month. The court in *Nelson* said that one may in good faith change his occupation and reduce his ability to pay.

> "* * * To find bad faith it would be necessary to show that defendant acted with a purpose of jeopardizing the interests of his children * * *." 225 Or at 261.

■ To justify a modification of the decree, the de-

fendant had the burden of proving by a preponderance of the evidence that there had been a change of circumstances. Defendant testified in support of his contentions, and his physician from Vancouver, B. C., testified:

> "A. * * * [I]f he [defendant] proceeded [to practice dentistry] I believe he would have either had an emotional breakdown or possibly might have reached a stage where the [dental] society might have had to ask him to refrain from practicing."

Although defendant's past actions place in question his good faith, there was substantial evidence upon which the trial court could base its determination of changed circumstances. The trial judge in this proceeding heard and distinctly remembered the contested divorce in which he made the original decree. Under these circumstances, we will not disturb his order, except in one respect.

■ In his testimony, the defendant stated that he did not expect to have his decreed obligation of support eliminated. He said that he wanted it reduced "At least so I can go to school for a year." Questioned as to whether he thought that at the end of a year it should go back to $400 per month, he said, "That's debatable." His testimony also indicated that upon completing the specialized schooling his income should become substantial. We hold that the defendant carried his burden of proof for only a temporary reduction, and the order of the trial court which we are affirming is modified to make it temporarily effective through September 1970. If circumstances then indicate a reduction should be continued, the burden will be upon the defendant to move for and prove it.

Affirmed as modified.