Argued September 24, affirmed as modified November 5,
petition for review denied December 14, 1971

REID, *Respondent, v.* REID, *Appellant.*
490 P2d 215

*Thomas M. Mosgrove,* John Day, argued the cause and filed the brief for appellant.

*Claud A. Ingram,* John Day, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from an order denying his motion to modify support payment and child visitation provisions of a divorce decree. The decree, granted after a contested case in October 1970, granted the wife custody of four sons ranging in age at that time from 7 years to 12 years. Defendant was required to pay $75 per month support for each of them. He also was required to pay future medical and dental bills to be incurred for the children and similar bills of the plaintiff for one year only following the decree.

Shortly after the divorce, defendant remarried. He had been employed at a sawmill earning from $750 to $800 per month. In March of 1971 he quit this and took another job requiring less exertion at which he earns $535 per month. Plaintiff is a part-time cook's helper earning $70 to $80 per month. Defendant contends that his change of employment was occasioned by back trouble. The evidence shows that he had a spinal operation in 1966 and had not had the services of a doctor for the back problem since his recovery from the operation. He had continued to work full time at the sawmill from 1966 until March 1971. He offered no medical testimony in support of his contention.

■■ Defendant has the burden of proving a change of circumstances. *Roberts v. Roberts*, 1 Or App 106, 459 P2d 562 (1969). Where the petitioning party has voluntarily reduced his earnings he must show the change was not undertaken in bad faith, and that his hardship outweighs that which would be visited upon his children by a reduction in support. *Nelson v. Nelson*, 225 Or 257, 357 P2d 536, 89 ALR 2d 1 (1960); *Agrue v. Agrue*, 233 Or 456, 378 P2d 965 (1963).

■ We are hampered in deciding this motion by sketchy evidence. The judge who heard defendant's application for modification also heard the contested divorce. The evidence which we have indicates that the defendant failed to carry his burden of proof and we are in no position to consider a modification of the trial court's findings with reference to support. *Roberts v. Roberts,* supra, and *State ex rel McKee v. McKee,* 237 Or 583, 587, 392 P2d 645 (1964).

■ The defendant also seeks modification of the decree with reference to visits with his children. At

the time of the divorce the parties lived in the same city. The defendant was given reasonable visitation rights, subject to a twelve-hour notice to plaintiff of intention to visit. The parties now live some 125 miles apart and the defendant has had little contact with his sons, although he has made efforts to visit them. It appears that the parties are unable to furnish an atmosphere conducive to a cooperative accomplishment of the children's need to have an association with their father. For this reason we believe the evidence supports a specific delineation of reasonable visitation.

Beginning on the second weekend after the mandate is entered, the defendant shall be entitled to weekend visitations with his children every six weeks, commencing at 9 a.m. on Saturday morning and concluding at 7 p.m. on Sunday evening, except when such weekends encompass Christmas Day, at which time he shall be entitled to the children on the succeeding weekend. Additionally, he shall be entitled to have the children with him on the first two full weeks of August of each year. It shall be defendant's responsibility to provide suitable transportation and expenses for visitations.

Except as modified herein the decree is affirmed. Each party shall bear his or her respective costs and attorney fees on this appeal.