BEATRICE BOFF, an Infant, by Her Guardian ad Litem, JULIUS BOFF, and JULIUS BOFF, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action by infant plaintiff to recover damages for personal injuries sustained when she fell to the pavement while alighting from defendant's trolley car; and by her father for loss of services and medical expenses. Judgment reversed on the facts and a new trial granted, costs to abide the event, on the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

GERTRUDE A. CALDWELL, Individually and as Receiver, Appellant, v. RICHARD T. CALDWELL, CATHERINE GURRY and WILLIAM T. GURRY, Respondents.— In an action brought by plaintiff-wife, as receiver in sequestration proceedings, to set aside as fraudulent the transfers of certain funds by defendant-husband to his daughter, judgment dismissing the complaint affirmed, without costs. If the gifts had rendered the donor insolvent, or if they had been made with actual intent to defraud plaintiff as a present or future creditor, plaintiff might have successfully maintained the action. (Debtor and Creditor Law, §§ 273, 276.) But the trial court has found the facts to the contrary, and we cannot say on the present record that the findings are contrary to or against the weight of the evidence. The finding that the gifts " were made solely for the purpose of depriving the plaintiff of her personal right of election, pursuant to the Decedent Estate Law," requires the conclusion that the transfers were valid, since there is no evidence that the gifts were illusory only. (Newman v. Dore, 275 N. Y. 371.) We add the following, in order to prevent misunderstanding by any court to which application may be made in the future or in which application may now be pending with respect to alimony: It does not follow that, because the defendant-husband has succeeded by legal means in divesting himself of the greater part of his assets, he becomes entitled to judicial favor in the form of reductions in or exemption from the payment of alimony, or freedom from the penalties imposed for non-payment. Defendant-husband's threatened impoverishment, though valid, is largely self-imposed. Order denying plaintiff's motion to compel compliance with a stipulation to incorporate certain additional proof in the record affirmed, without costs, on the ground that such proof was immaterial. Carswell, Adel and Close, JJ., concur; Lazansky, P. J., and Johnston, J. dissent and vote to reverse the judgment and order and to direct judgment for plaintiff with the following memorandum: The evidence is clear and convincing that the husband transferred his property for the express purpose of evading his responsibility under the judgment of the court, and a finding to the contrary is clearly against the weight of the evidence. While the husband had the right (Newman v. Dore, 275 N. Y. 371) to transfer his property so that there would not be any for his wife at the time of his death, that right was subordinate to, and could not override, his duty to support his wife under the mandate of the court and to meet an obligation which is a matter of public interest. Moreover, the transfer was in direct violation of sections 274 and 275 of the Debtor and Creditor Law.