GUSEWELLE *v.* GUSEWELLE.

**5-1601** 313 S. W. 2d 838

Opinion delivered June 9, 1958.

*S. Hubert Mayes,* for appellant.

*E. M. Arnold,* for appellee.

GEORGE ROSE SMITH, J. This appeal is from a decree by which the appellee was granted a reduction in the amount of alimony that he is required to pay the appellant. It is contended by the appellant that the proof fails to show a sufficient change of circumstances to warrant the reduction and, further, that the chancellor erred in refusing to allow the appellant her costs and an attorney's fee.

After having been married for about thirty years the parties were divorced by a decree entered as of October 5, 1953. Gusewelle was then, and still is, the manager of a retail store in Little Rock, earning a salary of $10,000 a year and an annual bonus, based upon the profits of the store, that ordinarily comes to between fifteen and twenty thousand dollars. The original decree awarded to Mrs. Gusewelle the possession of the family home, title to the furniture and household goods, and one third of her husband's other personal property. In addition to fixed alimony of $250 a month Mrs. Gusewelle was awarded a third of her husband's annual bonuses, *before* the deduction of taxes but subject to the contribution that Gusewelle is required to make to his employer's retirement pension plan. The only change effected by the present decree is that Mrs. Gusewelle's share in the bonuses is to be computed *after* the deduction of taxes. This modification amounts to a reduction of about $100 a month.

We are of the opinion that the proof supports the chancellor's decision to modify the original award. It is shown that the appellee's employer, a corporation operating a chain of retail stores, expects its local managers to take an active part in community affairs and to entertain extensively at their own expense. In this connection Gusewelle testified that at the time of divorce he was living in a hotel room, at a rental of $90 a month, but to meet his employer's requirements he deemed it necessary to occupy an apartment costing about $200 a month. There is no reason to doubt the fact that the appellee's income, which depends in part upon the profits of the store that he. manages, is at least indirectly affected by the standard of living that he maintains.

Another change of circumstance that we regard as important is the appellee's remarriage. The cases on this point were recently reviewed in *McCutcheon* v. *McCutcheon*, 226 Ark. 276, 289 S. W. 2d 521, where we said that the husband's remarriage is a matter that may be considered in weighing the equities of the situation. The case at bar is an instance in which this factor cannot fairly be disregarded. Gusewelle's net income, after the deduction of taxes and his contribution to the pension plan, averages about $18,000 a year. Under the original decree his first wife received almost $8,000 of that income, upon which her federal and state income taxes were more than $1,000. What was left for the appellant's use was substantially more than her actual needs, as she lives alone, in the former family home, without dependents. It is not indicated that the reduction allowed by the chancellor will work any hardship upon the appellant; at most it will diminish the amount that she is able to put aside as savings. In view of these facts we are not convinced that the chancellor's modification of the original award is without justification. See *Boniface* v. *Boniface*, 179 Ark. 738, 17 S. W. 2d 897. By cross appeal the appellee urges us to reduce the allowance even more, but the evidence does not warrant the granting of this request. If the apportionment of the appellee's income can be considered to be inequitable even after the readjustment put into effect by the chancellor,

this condition is due to the original decree rather than to any change that has taken place since then.

With respect to the claim for attorney's fees, the allowance is within the court's discretion, even though the governing statute does not refer specifically to a proceeding in which the husband asks for a reduction in alimony. Cf. *Feazell* v. *Feazell*, 225 Ark. 611, 284 S. W. 2d 117; *Finkbeiner* v. *Finkbeiner*, 226 Ark. 165, 288 S. W. 2d 586. In this case we have concluded that the appellee should contribute $250 toward the payment of the fee for the appellant's attorney and that the appellant should be permitted to recover her costs. With this modification the decree is affirmed.