Argued November 10, reversed and remanded December 21, 1960

# NELSON *v.* NELSON
### 357 P. 2d 536

*William E. Hurley*, Portland, argued the cause for appellant. On the brief were Bernard, Bernard, Edwards & Hurley, Portland.

*George L. Hibbard*, Oregon City, argued the cause for respondent. With him on the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin and Howell, Justices.

O'CONNELL, J.

The defendant husband appeals from an order denying his motion for a modification of a divorce decree entered on January 27, 1958. Defendant sought a reduction in the amount he was obligated to pay under the decree for the support of his four children, the custody of which had been awarded to plaintiff. The divorce decree provided that the defendant pay the sum of $500 per month for the support of his children. In addition, he was required to pay the sum of $20,000 at the rate of $300 per month to the plaintiff wife pursuant to a property settlement agreement.

Defendant is a physician. He began the general practice of medicine in Oregon City in 1951. In 1952 he formed a partnership with another doctor. The partnership was profitable. In 1957, the year immediately preceding the divorce, defendant's monthly income averaged approximately $2,000. For various reasons defendant was not happy with his practice in Oregon City. He was offered a position in a clinic in San Diego at a salary of $1,000 a month, which he

decided to accept because, among other reasons, it afforded him an opportunity to practice in his specialty, geriatrics and internal medicine. Defendant's partner agreed to purchase defendant's share of the Oregon City practice for a price of $17,500. Defendant testified that at the time he decided to accept the California position he was then of the opinion that the value of his interest in the Oregon City partnership was $30,000. However, subsequent review of the accounts receivable revealed that many of them were uncollectable and, therefore, the $30,000 estimate was reduced to $17,500 as the selling price. Defendant recites this miscalculation of the value of his interest in the partnership as evidence that when he decided to leave his Oregon City practice he had the prospect of having sufficient income to pay the total amount required under the divorce decree, and that, therefore, he acted in good faith.

Both parties have remarried. Defendant's present wife has a child by a former marriage whom the defendant has adopted. At the time of the hearing in this action for modification defendant's wife was expecting a child by defendant.

In denying defendant's motion for a modification of the award the trial court rendered a memorandum opinion which reads in part as follows:

"The defendant urges that the sale of the medical practice did not bring the desired amount; that this fact along with present reduced income and other changed circumstances should entitle him to relief from this Court.

"However, it is the opinion of the Court that defendant's changed circumstances were brought on by his own volition and with knowledge that his income would reduce on the one hand and expenses increase on the other.

"The children are entitled to be raised on a standard commensurate with the status of which they are accustomed.

"This Court has been and will be cautious in modifying a decree under circumstances presented herein."

It is evident that the trial judge was of the opinion that defendant's conduct in voluntarily accepting another position with knowledge that his income would be reduced could not be considered as a ground for modifying the decree. The sole question presented on appeal is the validity of the court's assumption that such a voluntary change in position precludes a modification of the support decree.

■ Where the defendant husband, acting in bad faith, voluntarily worsens his financial position the authorities leave no doubt that he cannot obtain a modification of a decree under which he is required to pay alimony or support money. *Commonwealth v. Saul*, 175 Pa Super 540, 107 A2d 182, 184 (1954); *Caldwell v. Caldwell*, 259 App Div 845, 19 NYS2d 392, 393 (1940); *Crosby v. Crosby*, 182 Va 461, 29 SE2d 241, 243 (1944). However, in the case at bar there is no evidence that defendant acted in bad faith in selling his Oregon City practice and accepting employment in California, and there is nothing in the record to show that the trial court's refusal to grant defendant's motion for modification was based upon defendant's bad faith. Defendant testified that at the time he decided to make the change he estimated his share of the partnership at $30,000 which, together with the prospective salary of $1,000 a month would have enabled him to meet his obligations. Accepting this as true, it would indicate that defendant was not acting in bad faith when he decided to make the change. It is possible however,

that the trial court did not accept defendant's version of the matter and concluded that defendant had knowledge that his share of the practice was not worth more than the $17,500 which he received for it. Assuming that the trial court reached this latter conclusion, it would not follow that defendant acted in bad faith in making the change.

■ One may in good faith make a change in occupation, fully aware that the change will reduce his ability to meet his financial obligations to his children. To find bad faith it would be necessary to show that defendant acted with a purpose of jeopardizing the interests of his children. The evidence firmly establishes that in deciding to accept the position in California defendant was not prompted by any such motive, but rather by the desire to enter into a type of medical practice which he preferred.

We are brought then to the question presented on this appeal, i.e., whether a defendant who, in good faith, elects to embark on a new enterprise at a reduced income is entitled to have the trial court consider such a change in circumstances as a basis for modifying a decree for support money.

Plaintiff relies upon the cases holding that the husband's remarriage, and the consequent reduction in his ability to pay the amount required by the decree is not a basis for modification of the decree. The case of *Norris v. Norris,* 182 Or 101, 186 P2d 67 (1947) is referred to for pronouncement of this principle. In that case the court, quoting from 2 Nelson, Divorce and Annulment (2nd Ed 1945), § 17.12, p 439, stated that defendant must "make a showing of a change in circumstances other than merely by reason of his volitional act in remarrying." See also, *Mark v. Mark,* 248 Minn 446, 80 NW2d 621, 624 (1957); *Bryant v.*

*Bryant,* 102 NW2d 800, 807 (N D 1960); *Mallow v. Mallow,* 84 Ohio App 89, 84 NE2d 236 (1948). Some courts have been more sympathetic to the husband, regarding his remarriage as a circumstance to be considered in an application for reducing the amount required to be paid as alimony or child support under a divorce decree. *Gusewelle v. Gusewelle,* 229 Ark 191, 313 SW2d 838, 839 (1958); *Allen v. Allen,* 326 Mass 214, 93 NE2d 554, 555 (1950); *McIlwain v. McIlwain,* 135 Neb 705, 283 NW 845, 848 (1939); *Herrett v. Herrett,* 80 Wash 474, 141 P 1158, 1160 (1914).

■ But these cases refusing to recognize the husband's remarriage as a basis for modifying the decree are not applicable to the case before us. Here the defendant has remarried but he does not rely upon that change of circumstance in requesting a modification of the decree; he asks the court to adjust his obligation under the decree to his reduced earning power brought about by his change in employment. Where the divorced husband proposes to remarry it may be reasonable to leave him with a choice of celibacy on the one hand or the risk of financial hardship resulting from remarriage on the other.[1] But the refusal to recognize a change in occupation or employment as a basis for modification would force the defendant to be frozen in his present employment unless he would accept the prospect of financial hardship. We do not believe that it would be sound policy to place such a restraint upon him. Admittedly he has a duty to support his children, and the decree which is sought to be modi-

---

[1] It may be noted that there are further considerations when the husband has children by his remarriage. While it may be just to deprive the second wife who enters into marriage with knowledge of her prospective husband's existing obligation to his first family, it would seem clear that children of a man's current marriage are as much entitled to support as are his children by a prior marriage. This distinction has been recognized and applied. *Mark v. Mark,* 248 Minn 446, 80 NW2d 621, 624-625 (1957); *Shapiro v. Shapiro,* 238 SW2d 886, 889 (Mo App 1951).

fied expresses that duty in a fixed amount. But the amount is not fixed immutably in the decree; it is subject to modification if circumstances fairly warrant modification. The judgment of what is fair must include a consideration not only of the child's economic circumstances, but of his father's as well. In the proper case it may be just to reduce the child's standard of living if that is necessary to alleviate his father's financial hardship. The fact that such financial hardship is brought about through the father's change in employment, even though made with knowledge that it will result in a reduction of his financial resources, does not preclude the court from considering the change as a basis for a modification of the decree. The change must, of course, be made in good faith.

In most instances where a man makes a change in his occupation or employment which results in a reduction in his income, he does so with the hope of ultimately improving his financial condition. We think that he should be entitled to make this effort even though it may require the children to share in the financial inconvenience or hardship which attends the change. Had the family remained together the children's standard of living would normally rise and fall with the changes in their father's fortunes. This readjustment of their respective interests should continue even though divorce has separated them physically. In many instances the children will ultimately profit from the change where, as their father ordinarily hopes and expects, his new position in time improves his financial status. Thus the adoption of a rule which would penalize a man for his effort to improve himself may have the effect of penalizing his children. Cf., *Russell v. Russell,* 142 F2d 753, 755 (D. C. Cir 1944) involving modification of an alimony

decree, where the court observed, "[e]ven if a husband with a comparatively large income has wronged his former wife he must, nevertheless, live up to the standards required by his job and enjoy reasonable peace of mind. Otherwise he is not likely to continue to earn that income and the wife herself will be the principal sufferer."

We have spoken only of the financial prospects which lure a man to change his employment. There are other considerations which may be even more important to him in seeking a change. He may wish to turn to another occupation, even though it calls for a permanent reduction in his income, because it holds the prospect of a more satisfying life for him. He should be permitted to choose such a course of action with the expectancy that the law will reduce the amount of the support money called for by the decree if it is the conclusion of the court that his hardship outweighs the hardship which would be visited upon his children.

We have found no cases directly in point. A similar problem was presented in *Fort v. Fort*, 90 So2d 313 (Fla 1956) where a reduction in alimony was sought. There, as in the case at bar, the defendant, acting in good faith, gave up his medical practice in one city to engage in practice elsewhere, knowing that the change would result in a reduction of his income. It was shown that the defendant had assets which could be liquidated to keep up the payments called for by the decree. The lower court refused to consider the change in circumstances as a basis for modifying the decree. In reversing the judgment the Florida Supreme Court said:

"* * * where the parties have simply agreed on the amount of monthly payments to be made by

the husband for the support of the wife, in satisfaction of the husband's common law obligation of support, it would not appear unreasonable to require the wife to accept a lesser sum, temporarily, during such time as her former husband is establishing himself in a new type of employment, entered into in good faith, without requiring him to dissipate his capital assets to meet the monthly support obligation to his former wife. Certainly, if the marital status had continued, the husband could reasonably expect the wife to adjust her financial needs to the husband's reduced income, without delving into savings or converting capital assets into cash to maintain their former standard of living. And it would appear equally reasonable to require a divorced wife to do the same." 90 So2d at 315.

The cause was remanded to the lower court with directions to evaluate the evidence " 'with due regard to the changed circumstances and financial ability of the husband' \* \* \*," 90 So2d at 315.

Although *Fort v. Fort,* supra, involved the husband's obligation to pay alimony, the court's reasoning is equally applicable to an obligation to pay for child support. In accord, *Bigelow v. Bigelow,* 39 Wash 2d 824, 239 P2d 317 (1951), where the court affirmed a reduction of alimony and child support granted after the defendant, a dentist, enlisted in the army.

As we interpret the record, the trial judge refused to consider the reduction in defendant's income resulting from his acceptance of employment in California as a factor in determining whether there was a change in circumstances warranting a modification of the decree. This was error and, therefore, the judgment must be reversed.

The decree of the lower court is reversed and the

cause is remanded with directions to enter an order reducing the allowance for child support to $400 a month effective December 22, 1959. Neither party shall recover costs.

Reversed and remanded.