Argued March 18, affirmed as modified April 26, 1976

In the Matter of the Dissolution of the Marriage of
STACHELRODT, *Appellant,*
*and*
STACHELRODT, *Respondent.*
(No. 402-455, CA 5566)
548 P2d 1005

*R. M. Atkinson,* Family Law Center, Legal Aid Service, Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

The mother appeals the trial court's denial of her motion seeking elimination of her child support obligation. The dissolution decree had awarded custody of the three children to the father and had required her to pay $35 per month per child. She had paid nothing since the decree. At the hearing, the court dismissed the father's motion to hold her in contempt. It did grant the mother's motion to specify visitation rights with the three children. Neither party appeals these rulings.

At the time of the dissolution the mother had been earning $471 per month, but shortly lost her job. Her income then dropped to about $295 per month in unemployment compensation. At the time of the hearing she was planning to attend Southern Oregon College, and claimed she had received a work study eligibility grant worth approximately $1,600 for the school year.

There is no evidence about the father's income or any changes therein since the decree or in the children's standard of living, and the evidence about the mother's loss of her job and the scope or sincerity of her efforts to find another is minimal. However, it was not shown that the mother's efforts to attend school were in bad faith or for the purpose of jeopardizing the interests of her children. *See Nelson v. Nelson,* 225 Or 257, 357 P2d 536, 89 ALR2d 1 (1960); *Batten and Batten,* 23 Or App 620, 543 P2d 33 (1975). We conclude that at such time during the next two years as the mother is attending school full time, her child support obligation should be reduced to $15 per month per child, a total of $45 per month. At the end of two years or when she stops attending school full time, whichever occurs first, her child support obligation will return to the $105 total per month set in the original decree.

In the view we take of this case we find it unnecessary to consider other issues raised by the mother.

Affirmed as modified. Costs to neither party.