In the Matter of the Dissolution of the Marriage of:
McKEEVER, *Respondent,*
*and*
McKEEVER, *Appellant.*
(No. D77 04 06208, CA 9897)
583 P2d 30

Rex Q. Smith, Portland, argued the cause and filed the brief for appellant.

John S. Watts, Portland, argued the cause for respondent. With him on the brief was Watts & Watts, Portland.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Husband appeals from a dissolution decree ordering him to pay: (1) $125 per month per child for support of two minor children in wife's custody; (2) $350 as a contribution to wife's attorney fees; and (3) $130.30 as reimbursement to Multnomah County for costs waived prior to trial.[1] The only issue on appeal is whether husband's resignation from remunerative employment to take on a nonpaying promotional position with a Christian evangelical organization entitles him to an order eliminating the above payments until he begins to receive income from his religious effort.

Husband makes two arguments: (1) that under *Nelson v. Nelson,* 225 Or 257, 357 P2d 536 (1960), and *Stachelrodt and Stachelrodt,* 25 Or App 289, 548 P2d 1005 (1976), he is permitted to reduce his income, even eliminate it, and be entitled to an appropriate reduction in his support payments; and (2) that the decree appealed from unconstitutionally interferes with his right to free exercise of his religion.

In both *Nelson* and *Stachelrodt* the parties sought to have their child support payments reduced because of a change in employment that lowered their income. In those cases it was held that where the reduction in income was undertaken in good faith with no intent to jeopardize the interests of the children, a reduction in child support payments may be appropriate. In the instant case, husband, who was employed until the parties separated, voluntarily eliminated his income as opposed to merely reducing it while pursuing his career.

■ Neither *Nelson* nor *Stachelrodt* should be read as permitting a parent to eliminate his income and thus deprive his dependents of all support.

While the husband may well have in good faith made his decision to eliminate his income, this cannot

---

[1] Mother presently receives welfare payments for the support of the minor children.

prevail over his paramount obligation to support his dependents. The law still imposes on him the duty to support his children. *See, Pencovic v. Pencovic,* 45 Cal 2d 97, 100, 287 P2d 501, 503 (1955).

■ Husband argues that the child support provision of the decree infringes upon his constitutionally guaranteed right to the free exercise of his religious beliefs. The identical contention was considered and rejected in *State v. Sprague,* 25 Or App 621, 628, 550 P2d 769, *rev den* (1976).

Affirmed. Costs to respondent.