583 P.2d 30 (1978)
In the matter of the Dissolution of the MARRIAGE OF Susan McKeever, Respondent, and
Richard C. McKeever, Appellant.
No. D77 04 06208; CA 9897.
Court of Appeals of Oregon.
Argued and Submitted July 20, 1978.
Decided September 6, 1978.
Rex Q. Smith, Portland, argued the cause and filed the brief for appellant.
John S. Watts, Portland, argued the cause for respondent. With him on the brief was Watts & Watts, Portland.
Before THORNTON, P.J., and TANZER and BUTLER, JJ.
THORNTON, Presiding Judge.
Husband appeals from a dissolution decree ordering him to pay: (1) $125 per month per child for support of two minor children in wife's custody; (2) $350 as a contribution to wife's attorney fees; and (3) $130.30 as reimbursement to Multnomah County for costs waived prior to trial.[1] The only issue on appeal is whether husband's resignation from remunerative employment *31 to take on a nonpaying promotional position with a Christian evangelical organization entitles him to an order eliminating the above payments until he begins to receive income from his religious effort.
Husband makes two arguments: (1) that under Nelson v. Nelson, 225 Or. 257, 357 P.2d 536 (1960), and Stachelrodt and Stachelrodt, 25 Or. App. 289, 548 P.2d 1005 (1976), he is permitted to reduce his income, even eliminate it, and be entitled to an appropriate reduction in his support payments; and (2) that the decree appealed from unconstitutionally interferes with his right to free exercise of his religion.
In both Nelson and Stachelrodt the parties sought to have their child support payments reduced because of a change in employment that lowered their income. In those cases it was held that where the reduction in income was undertaken in good faith with no intent to jeopardize the interests of the children, a reduction in child support payments may be appropriate. In the instant case, husband, who was employed until the parties separated, voluntarily eliminated his income as opposed to merely reducing it while pursuing his career.
Neither Nelson nor Stachelrodt should be read as permitting a parent to eliminate his income and thus deprive his dependents of all support.
While the husband may well have in good faith made his decision to eliminate his income, this cannot prevail over his paramount obligation to support his dependents. The law still imposes on him the duty to support his children. See, Pencovic v. Pencovic, 45 Cal.2d 97, 100, 287 P.2d 501, 503 (1955).
Husband argues that the child support provision of the decree infringes upon his constitutionally guaranteed right to the free exercise of his religious beliefs. The identical contention was considered and rejected in State v. Sprague, 25 Or. App. 621, 628, 550 P.2d 769, rev. den. (1976).
Affirmed. Costs to respondent.
NOTES
[1] Mother presently receives welfare payments for the support of the minor children.