Argued and submitted November 26, 1990, affirmed on appeal and on cross-appeal
March 6, 1991

In the Matter of the Marriage of

Patricia Lea JONES,
*Respondent - Cross-Appellant,*
*and*

Nathan Hale JONES,
*Appellant - Cross-Respondent.*

(D88-1275; CA A63764)

806 P2d 1170

James C. Farrell, P.C., Roseburg, argued the cause and filed the briefs for appellant - cross-respondent.

Peter Pollaczek, Roseburg, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals from an order denying his motion for a modification of a dissolution judgment. He seeks a reduction in child support that he is obligated to pay. Mother cross-appeals, arguing that the trial court should have granted her request for attorney fees. On *de novo* review, we affirm on the appeal and on the cross-appeal.

At the time of the dissolution, in January, 1989, father was a millworker at Roseburg Forest Products. Shortly after the dissolution, Roseburg Forest Products employees went on strike. The strike lasted approximately four months. Father returned to work after the strike, his wages having been reduced from $12.44 per hour to $11.84 per hour. Father decided that he wished to return to college in order to pursue a career in psychology. He quit his mill job in September, 1989, and enrolled as a full-time student at the University of Oregon.[1] He has two part-time jobs in Eugene, from which he earns approximately $250 per month.

Father moved the court for a reduction in his child support obligation because of the reduction in his income. His obligation under the decree is $175 per month for each of his two children. He requests a reduction to a total obligation of $50. The trial court denied father's request, saying:

"When the Court considers the issue of good faith, Mr. Jones appears to be thinking only of his needs in the most immediate way. He is not willing to attend the university part-time. He is not attempting to secure part-time employment at a higher wage. Mr. Jones is a skilled employee who has a recommendation for rehire from his former employer.

"The court finds that Mr. Jones' reduction of income will jeopardize the interests of his children. They need counseling. The daughter needs the athletic activities to help with her weight problems. The Court finds the reasoning in *McKeever and McKeever*, 36 Or App 19, 583 P2d 30 (1978), analogous. Mr. Jones' desire to reduce child support from $350 to $50 per month total support is akin to eliminating support for his dependents. This change was voluntary. His job still exists. His hourly wage was reduced $.60 per hour. The reduction is approximately $24.00 per week times 4.33 weeks per month

[1] At the time of hearing, father anticipated receiving a bachelor's degree in June, 1991.

for a gross reduction of $103.92 per month. The percentage of change was not drastic. Mr. Jones' response seems to be self motivated and not in the best interests of the children. Mr. Jones received about $9,000 from Mrs. Jones pursuant to the decree just prior to filing the motion to modify. He could have used that asset to pay child support. The court denies Mr. Jones' motion to modify the decree."

ORS 107.135(2)(a) allows a court to modify a child support obligation in the event of a substantial change in the economic circumstances of a party. The movant has the burden of proving a change of circumstances. *Reid v. Reid,* 7 Or App 154, 156, 490 P2d 215, *rev den* (1971). If the change is voluntary *and* is motivated by bad faith, however, no modification will be allowed. ORS 107.135(3)(b) provides, in part:

"If the motion for modification is one made by the obligor to reduce or terminate support, and if the obligee opposes the motion, the court shall not find a change in circumstances sufficient for reconsideration of support provisions, if the motion is based upon a reduction of the obligor's financial status resulting from the obligor's * * * voluntary reduction of income or self-imposed curtailment of earning capacity, if it is shown that such action of the obligor was not taken in good faith but was for the primary purpose of avoiding the support obligation."

A party acts in bad faith if he "act[s] with a purpose of jeopardizing the interests of his children." *Nelson v. Nelson,* 225 Or 257, 261, 357 P2d 536 (1960).

If the person requesting the modification has not acted in bad faith, the court *may* consider his reduced income as a change of circumstances sufficient to modify the obligation, depending on the particular circumstances. A refusal to do so would force people to be frozen in their employment at the time of the dissolution, unless they are willing to accept all of the hardship of reduced income. The Oregon courts have declined to adopt that harsh approach.

Even if the obligor is acting in good faith, however, a support obligation will not always be modified when income is voluntarily reduced. In *McKeever and McKeever,* 36 Or App 19, 583 P2d 30 (1978), for example, this court considered the appropriateness of a reduction of a father's child support obligation in a case where he had voluntarily given up his entire income to take a nonpaying promotional position with a

religious organization. We stated that earlier cases allowing reductions based on a decrease in a parent's income

"should [not] be read as permitting a parent to eliminate his income and thus deprive his dependents of all support.

"While the husband may have in good faith made his decision to eliminate his income, this cannot prevail over his paramount obligation to support his dependents. The law still imposes on him the duty to support his children." 36 Or App at 21.

■ We conclude that father was not acting in bad faith. Although we agree with the trial court's conclusion that his actions have jeopardized the interests of his children, we do not find that that was his purpose. Therefore, we examine the particulars of his changed circumstances, considering all the relevant factors, to determine whether a modification is warranted. We consider the children's economic circumstances and father's as well. *Nelson v. Nelson, supra,* 225 Or at 263. Additionally, we must consider the position of mother, who might be faced with the challenge of making ends meet while raising two children with virtually no support from father.

Father left his mill job without consulting the children or their mother. He expressed the belief that their loss of $300 support each month would affect them only "to a small degree." The children were 13 and 9 when father requested reduction. The trial court noted that a reduction in his support obligation would cause the loss of the children's athletic activities[2] and counseling for mother and the children. In addition, more basic necessities are also threatened by a reduction in support. Mother, a registered nurse whose income is approximately $26,000 per year, has completely depleted her savings in order to pay taxes and to buy food and clothing for the children. Her debts are increasing, and she has had to borrow money from her parents. The record indicates that she can ill afford to compensate for a reduction in father's support obligation.

Mother's financial situation is further complicated by the fact that father's support payment history is less than satisfactory, even during the time when he was working for

---

[2] Mother testified that athletics are of particular importance for her daughter, who had a weight condition and was harassed by her peers at school.

Roseburg Forest Products. He received approximately $9,000 from mother under the dissolution judgment, none of which was used to pay support for his children. Most of their support has been obtained through wage orders on father's income. Had father more fully honored his support obligation in the past, mother and children might now be in a better position to accommodate reduced support from him. Under the facts and circumstances as they now exist, however, we conclude that father is not entitled to a modification of his support obligation.

■ Mother cross-appeals the trial court's denial of her request for attorney fees under ORS 107.135(6).[3] She concedes that, usually, the question of whether to award attorney fees is left to the sound discretion of the trial court. *Moreau and Moreau,* 89 Or App 563, 564, 749 P2d 1232 (1988). She argues, however, that, in this case, father acted in bad faith, and so attorney fees *must* be awarded under the second sentence of the statute. Because we conclude that father did not act in bad faith, the trial court did not abuse its discretion in refusing to award attorney fees.

Affirmed on appeal and on cross-appeal. Costs, not including attorney fees, to mother on appeal, to father on cross-appeal.

---

[3] ORS 107.135(6) provides:

"In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney fee and costs for the benefit of the other party. If a party is found to have acted in bad faith, the court shall order that party to pay a reasonable attorney fee and costs of the defending party."