Submitted on record and briefs November 1, 1990, affirmed July 3, 1991

In the Matter of the Marriage of

Cheryl J. A. GAY,
*Respondent,*
*and*

Roger F. GAY,
*Appellant.*

(CV88-0353; CA A63643)

814 P2d 543

CJS, Divorce § 724.

Roger F. Gay, Richland, Washington, filed the brief *pro se* for appellant.

No appearance by respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Father appeals a trial court order modifying a dissolution judgment to increase his child support obligation. He argues that mother failed to establish a substantial change in circumstances and that the court improperly applied the Uniform Child Support Guidelines (guidelines). ORS 25.270 - ORS 25.285.[1] On *de novo* review, we affirm.

The parties, parents of a four-year-old child, were divorced on August 28, 1987. The original dissolution judgment provided that mother would have custody and father would pay $260 per month in child support. On May 10, 1989, mother moved to modify the judgment to increase child support to $500 per month on the basis of a substantial change in father's economic circumstances. ORS 107.135(2)(a).[2] She also requested that father be required to make future child support payments through the Support Enforcement Division (SED) of the Department of Human Resources. The court modified the decree, applied the guidelines to increase father's child support obligation to $477.95 per month and required payment through SED.[3]

At the outset, it is important to point out that we have only the *pro se* brief filed by father, which raises only statutory, nonconstitutional issues, and the letter opinion of

---

[1] In compliance with federal law, the guidelines establish child support awards based on the formula in OAR 137-50-320 - OAR 137-50-490. The guidelines apply "in any judicial or administrative proceeding for the establishment or modification of a child support obligation" after October 3, 1989. ORS 25.270; ORS 25.280. The modification order in this case was entered on January 8, 1990.

[2] ORS 107.135(2)(a) provides:

"(2) In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support."

[3] Father argues that the court did not have the statutory authority to require that support payments be made through SED. According to him, support payments cannot be made to SED, because mother is not receiving public assistance. ORS 25.020. That argument is without merit because, in cases not involving public assistance, a request for that payment arrangement may be made by the obligor, obligee, district attorney *or* SED. ORS 25.320. Mother made the appropriate request here.

Father's other arguments do not require discussion.

the trial court to guide our review of the record. In its letter opinion, the court simply stated that "[t]he Uniform Child Support Guidelines apply to the Court's decision in this case." The court then went on to explain that, because of mother's decision to reduce her work schedule to three-quarters time to spend more time with the child, her monthly gross income would decrease from $2,710 to $2,030. On the basis of evidence in the record that the child suffers emotional and behavioral problems resulting from the divorce and the parties' continuing hostile relations, the court concluded that mother's voluntary reduction in her work schedule was in the child's best interests. However, the trial court made no *specific* finding as to any substantial change in circumstances. It appears to have been struggling to determine whether the enactment of the guideline legislation created a "trigger" by which all modifications of support orders must be adjusted to comply with the guideline formulas.

The guidelines do not apply to *all* outstanding orders. There are only two situations, other than original determinations, in which they apply. First, if, in the traditional proceeding, the court finds that the movant has established a substantial change in circumstances so that an increase or decrease in child support is warranted, the guidelines will apply to determine the amount of the modified award. Such proceedings to modify based on a substantial change in circumstance may be initiated at any time. ORS 25.285; ORS 416.425. Second, effective July 1, 1990, support obligations collected through an "enforcing agency" (*i.e.,* SED or a district attorney) must be periodically reviewed and adjusted to comply with the guidelines if the obligee, obligor or Adult and Family Services Child Support Unit requests. However, that review may not be initiated sooner than two years after the support order was originally entered or was most recently modified or reviewed. ORS 25.285; OAR 461-195-072; *see also* 42 USC § 666(a)(10). The latter periodic review process is available only to an enforcing agency. *See* ORS 25.285; OAR 461-195-072(1)(c)(A).

■ It is difficult to discern from the trial court's order which procedure it used to adjust the child support award. What is clear, however, is that, although the obligation would be collected through SED in the future, it was *not* being

enforced through that agency when mother moved to modify it. Accordingly, the periodic review process was not available. However, because the trial court did focus on the change in mother's financial circumstances resulting from the decrease in her work schedule, we conclude that it modified the award on that basis and then applied the guidelines to determine the appropriate amount.[4] Thus, the dispositive question is whether the change in circumstances was substantial enough to warrant the increase in support.

■■   In general, a substantial change in either parent's financial situation or in the child's needs may justify a modification of child support. An involuntary decrease in the obligee's income can constitute a change justifying a support increase. *See Bell and Bell,* 81 Or App 413, 725 P2d 938 (1986). We must decide whether that rule applies when, as in the present case, the decrease in income is the result of the obligee's voluntary action.

A voluntary decrease in an *obligor's* income may justify a reduction in child support, if the change is made in good faith, ORS 107.135(3)(b); *Jones and Jones,* 106 Or App 264, 267, 806 P2d 1170 (1991), and if the hardship to the obligor if the decrease is not allowed outweighs the hardship to the child that the reduction would cause. *Nelson v. Nelson,* 225 Or 257, 264, 357 P2d 536 (1960). Because the welfare of the child is the paramount consideration, it is appropriate to apply that standard here. To justify a modification based on a voluntary decrease in the obligee's income, the obligee must show that her action was taken in good faith and not merely to compel an increase in support.

■   The court found that

"the Petitioner's reduction in income is necessary for [the child's] well being and that it is appropriate to use the reduced income in determining the amount of child support.

---

[4] Father argues that the court erred in modifying child support, because mother failed to establish a substantial change in his economic circumstances. She had alleged in her motion that, although the original support order had been based on father's income of $50,000 per year, since then his income had increased to $100,000. However, father's uncontroverted evidence at trial was that his income had only increased by $2,500. Although we agree that the increase was not substantial, the trial court's order did not focus on his income. As we have already determined, the basis of the court's finding of a substantial change in circumstances was mother's decision to reduce her work schedule.

> Her reduced work schedule will have the effect of reducing the child care expenses and this factor does benefit the Respondent by reducing the total child support obligation under the Uniform Child Support Guidelines."

It is therefore apparent that the court was satisfied that mother's reduction in her work schedule was taken in good faith and for the child's welfare. Our *de novo* review of the record supports that finding. A $700 per month decrease constitutes a substantial change in mother's economic circumstances and her ability to provide for the child's needs. Accordingly, we hold that the trial court did not err in ordering an increase in child support.

■    Father also argues that, even if mother established a substantial change in circumstances, the trial court improperly applied the guidelines to determine the amount of support. Under the guidelines, parents must share in the costs of support on the basis of their proportional incomes, and a "child is entitled to benefit from the income of both parents to the same extent that the child would have benefited had the family unit remained intact." ORS 25.275(2). Father argues that the guidelines establish "unimplementable criteria," because "[t]he spending on the child of two separated parents cannot be the same as it would have been if the marriage had not ended, because the total resources of both parents are now being spent on two households rather than one." According to father, that objection is sufficient to rebut the presumption that the amount of support determined by the guidelines is correct. ORS 25.280.

■    Whatever merit that argument may have, it is not sufficient to rebut the presumption. That must be accomplished by "a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case," according to the criteria stated in ORS 25.280.[5] *See also Watson and Watson,* 107 Or

---

[5] ORS 25.280 provides, in part:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation under ORS chapters 107, 108, 109, 110, 416 and 419, the amount of support determined by the formula established pursuant to ORS 25.270 to 25.285, 107.105, 416.415, 416.435 and 419.513 shall be presumed to be the correct amount of the obligation. This shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case

App 416, 418 n 1, 812 P2d 429 (1991). OAR 137-50-490 includes in Table 2 a worksheet to be completed by the trial court in making that finding from information provided by the parties. Father did not object to how the trial court applied the guidelines, and no findings were made that the formula was unjust or inappropriate in this case. Because mother established a substantial change in circumstances to justify a modification of child support, the guidelines control the amount of support to be awarded. Father has failed to show that the amount is incorrect.

Affirmed. No costs to either party.

---

shall be sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"(1) Evidence of the other available resources of a parent;

"(2) The reasonable necessities of a parent;

"(3) The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4) A parent's ability to borrow;

"(5) The number and needs of other dependents of a parent;

"(6) The special hardships of a parent;

"(7) The needs of the child;

"(8) The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(9) The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10) The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."