Argued and submitted November 1, 1991, affirmed April 1, 1992

In the Matter of the Marriage of

Kathleen A. ZORN,
*Respondent,*
*and*

Thomas R. ZORN,
*Appellant.*

(15-90-03136; CA A69545)

828 P2d 481

Marc D. Perrin, Eugene, filed the brief and argued the cause for appellant.

No appearance for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Father appeals the denial of his motion for a reduction of his child support obligation. ORS 107.135. He argues that the trial court failed to apply the Uniform Child Support Guidelines properly. ORS 25.270 – ORS 25.285. On *de novo* review, we affirm.

At the time of the marriage dissolution, father had a "fairly good income" from two businesses that he owned. After his businesses failed, he moved to Oregon and currently works part-time by choice. He argues that, under the guidelines, he is entitled to a reduction of his child support obligation, because of the change of circumstances.

■ On a motion for modification based on a change of circumstances, the guidelines do not apply unless the moving party first establishes a substantial change in circumstances to justify a modification. ORS 25.287(2); *Gay and Gay*, 108 Or App 121, 124, 819 P2d 543 (1991). The moving party has the burden of proving a change of circumstances. *Reid v. Reid*, 7 Or App 154, 156, 490 P2d 215, *rev den* (1971).

> "A voluntary decrease in an *obligor's* income may justify a reduction in child support, if the change is made in good faith, ORS 107.135(3)(b); *Jones and Jones*, 106 Or App 264, 267, 806 P2d 1170 (1991), and if the hardship to the obligor if the decrease is not allowed outweighs the hardship to the child that the reduction would cause. *Nelson v. Nelson*, 225 Or 257, 264, 357 P2d 536 (1960)." *Gay and Gay, supra*, 108 Or App at 125. (Emphasis in original.)

■ Father has shown that his circumstances have changed as a result of a voluntary reduction in income.[1] However, he has not provided *any* evidence concerning how a reduction of support would affect the child who is the subject of the support order.[2] Even assuming that his voluntary

---

[1] Although his loss of the businesses may have caused involuntary reductions in his income, his current employment is part-time by choice, and we treat it as a voluntary reduction.

[2] Father provided the only testimony at the hearing on the motion to modify. Although in his motion he had alleged that he believed that mother was receiving financial assistance from her parents, he did not testify about that or present any evidence to support the assertion. An affidavit from mother, filed with the court 8 months before the modification hearing, does not show any income from sources other than her job and indicates expenses that exceed her and the child's needs.

income reduction was done in good faith, he has not shown that the hardship to him is not outweighed by the hardship to the child that the reduction would cause. *Gay and Gay, supra.*

Affirmed. No costs to either party.