Argued and submitted February 18, affirmed; motion to strike respondent's brief denied August 5, 1992

In the Matter of the Marriage of

Janice Anne SHANKLE,
*Appellant,*

*and*

Daniel Lee SHANKLE,
*Respondent.*

(15-88-00192; CA A71175)

835 P2d 942

D. Michael Pugh, Eugene, argued the cause and filed the brief for appellant.

George W. Kelley, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals from an order dismissing her motion to increase father's child support obligation, arguing that the trial court erred in requiring her to establish a substantial change in circumstances as a predicate for a modification.

The parties, parents of three children, were divorced on April 14, 1988. The dissolution judgment awarded custody of the children to mother and ordered father to pay $100 per month per child as support. On November 9, 1989, mother moved to increase father's monthly obligation to a total of $608, asserting a substantial change in circumstances, pursuant to ORS 107.135(2)(a). At a hearing held on May 4, 1990, father moved to dismiss mother's motion on the basis that she had failed to show a substantial change in circumstances, but the trial court did not rule on father's motion. Instead, it entered an order allowing mother to file an amended motion and giving father 30 days to respond.

Mother took no further action until May 14, 1991, when she amended her motion to modify child support. In her amended motion, mother moved, through the district attorney,[1] to modify on the basis of a "periodic review" pursuant to the Uniform Child Support Guidelines, *former* ORS 25.285[2] and OAR 461-195-072. On June 14, 1991, father filed a motion to dismiss the motion for modification, once again arguing that mother had failed to establish a substantial change in circumstances. It appears from the record that no hearing was held. On July 16, 1991, the trial court entered an order granting father's motion to dismiss. The district attorney moved for reconsideration of the dismissal, based on our decision in *Gay and Gay*, 108 Or App 121, 814 P2d 543 (1991), but the court denied reconsideration. Mother appeals the order dismissing her motion for modification.

It is unclear whether father's motion to dismiss was based on the evidence — or lack thereof — adduced at the May

---

[1] There is no dispute that the district attorney is the enforcing agency, *see* ORS 25.080, or that mother, the obligee in this case, requested the district attorney to initiate a periodic review. *Former* ORS 25.285; OAR 461-195-072(2)(a).

[2] *Former* ORS 25.285, in effect at the time of mother's motion to modify, was repealed in 1991 and replaced by ORS 25.287. Or Laws 1991, ch 519, §§ 3, 8.

4, 1990, hearing or was simply directed at a pleading insufficiency in mother's May 14, 1991, amended motion. In any event, because the trial court had allowed mother to modify her motion, the only question on appeal is whether she is entitled to an increase in child support under her May 14, 1991, motion to modify child support pursuant to a periodic review commenced by the district attorney. Under that procedure, a showing of a change in circumstances is not required. *See Gay and Gay, supra,* 108 Or App at 124. Therefore, it would have been error to grant father's motion to dismiss on the basis that mother had failed to establish a substantial change in circumstances.

■    However, the trial court's ruling can be sustained for a different reason. Under the guidelines, the district attorney or other enforcing agency must notify the parties *before* initiating a periodic review. Only after that notice is given and a review is conducted may the enforcing agency move to modify support. OAR 461-195-072.[3] There is no indication in the record that the requisite notice was given before the district attorney filed the motion to modify. Accordingly, we conclude that, because father was not given 30 days' notice and an opportunity to challenge the initiation of a periodic review, as required by OAR 461-195-072(6) and (7), the district attorney could not begin modification proceedings

---

[3] OAR 461-195-072 provides, in part:

"(6) The *enforcing agency must send written notification to both the obligee and the obligor of any proposed review under this rule, at least 30 days prior to conducting the review.* This notice shall advise both parties that they may provide information on either party's income and resources, and on the needs of the child: * * *

"* * * * *

"(7) *Upon completing any review,* the enforcing agency shall proceed as follows:

"(a) If the enforcing agency determines that the total amount of support for all children under the current order varies by at least 25 percent and a minimum of $25, from the appropriate amount under the guidelines, the enforcing agency must *initiate action to modify the support amount.* Such action shall be to assure compliance with the guidelines, and shall be according to the following procedures:

"(A) *The enforcing agency shall notify the obligee and obligor, in writing, of the determination.* This notification:

"(i) May be by service of a *motion or petition to modify* the current support order * * *." (Emphasis supplied.)

under *former* ORS 25.285. The trial court properly dismissed the motion to modify.

Because of our decision to affirm the trial court's ruling, we need not discuss father's additional arguments.

One final procedural matter needs to be resolved. We deny mother's motion to strike father's responding brief. His arguments are in direct response to mother's assignments of error on appeal, *i.e.*, the application of *former* ORS 25.285 and OAR 461-195-072 to this modification proceeding.

Affirmed; motion to strike respondent's brief denied. No costs to either party.