Argued and submitted August 16, reversed and remanded October 2, 2002

## In the Matter of the Marriage of

### Mercedes NIBLER,
*Respondent,*

*and*

### Roger Gerald NIBLER,
*Appellant.*

8801-60323; A117157

55 P3d 529

Helen T. Dziuba argued the cause and filed the briefs for appellant.

Kimberly S. Brown argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Father appeals the trial court's order denying his motion to modify his child support obligation. ORS 107.135. He argues that the trial court erred in finding that there was not a substantial change in economic circumstances suffi-cient to justify modification and in failing to recalculate his support obligation under the statutory formula. We reverse because the trial court did not apply the applicable statutes correctly.

The parties' marriage was dissolved in 1989, and mother received custody of their children. Father has remar-ried. At the time of the hearing on modification, father had been ordered to pay $866 per month in child support for the parties' daughter. Father sought a reduction of his child sup-port obligation based on a reduction in his income following a voluntary change in employment. Before his change in employment father averaged about $159,500 per year in income from consulting work and his employment as a teacher at an overseas university. For the last 15 years, about half of father's income has come from consulting work. Following his return to the United States in 2000, father became "semi-retired" and now teaches part time at Portland State University. He earns about $1,300 per month from his employment and has additional income of about $200 per month. He also submitted documents to the trial court that indicate that he held about $300,000 in liquid assets. Daugh-ter and her infant child live with mother, who earns $2,838 per month.

■ After hearing the evidence and the arguments of counsel, the trial court ruled

"Okay. The Court has reviewed all of the exhibits and taken judicial notice of the documents provided, the cour-tesy copies, and finds that the respondent has failed to sus-tain his burden that there's been a substantial change of circumstance to warrant a change in child support. And it will continue.

"The Court has balanced, as Ms. Brown has indicated in her arguments, the hardship to father and the detriment to

the child, and finds that the detriment to the child out-weighs any hardship to the dad, which the Court hasn't found any hardship to dad. He made a voluntary change and has a substantial history of income.

"I've weighed all the factors in the Administrative Rules 137.050.0330, other available resources, ability to borrow, other dependents, special hardships needs to the child, financial advantage afforded to a parent's household by having a spouse, and therefore the request to modify is denied."

Under ORS 107.135(2)(a), a substantial change in economic circumstances is sufficient for the court to recon-sider its order of support. In determining whether there has been a substantial change in economic circumstances within the meaning of the statute, the court must consider the "income opportunities and benefits of the respective parties from all sources." ORS 107.135(3)(a). The required analysis includes, among other things, a consideration of "[t]he reasonable opportunity of each party * * * to acquire future income and assets" and "[r]etirement benefits available to [the parties]." *Id.* A reduction in financial status due to actions taken voluntarily by the obligor may constitute such a change if the obligor's actions were taken in good faith and not primarily to avoid the support obligation. ORS 107.135(3)(b). Because proceedings to modify child support awards are statutory in nature, only those standards out-lined by the statute may be used to determine if there has been a substantial change in economic circumstances.[1] *Glithero and Glithero*, 326 Or 259, 951 P2d 682 (1998); *see also Willis and Willis*, 314 Or 566, 840 P2d 697 (1992) (hold-ing that it is error to condition a modification of child support on equitable considerations not set forth in the statute).

---

[1] A number of our cases were decided under the applicable statutory language yet balanced the hardship to the parent if child support was not modified against the hardship that modification would cause the child in determining if there had been a substantial change in circumstances to justify modification. Those cases include *DeNotta and DeNotta*, 147 Or App 149, 935 P2d 475 (1997); *Hogue and Hogue*, 115 Or App 697, 839 P2d 760 (1992), *modified on recons*, 118 Or App 89, 846 P2d 422 (1993); *Zorn and Zorn*, 112 Or App 222, 828 P2d 481 (1992); *Gay and Gay*, 108 Or App 121, 814 P2d 543 (1991); and *Jones and Jones*, 106 Or App 264, 806 P2d 1170 (1991). Because the cases using equitable balancing to determine if there had been a substantial change in circumstances were all decided before *Glithero*, they should no longer be considered controlling on that issue.

If a substantial change is found under the statutory standards, the court is then required to recalculate child support under the formula instituted by the Department of Justice's Support Enforcement Division. *Glithero*, 326 Or at 265. That calculation may be based partially on "potential income." OAR 137-050-0360.[2] Once support is recalculated, the court may "take into account the nuances of a particular case." *Glithero*, 326 Or at 265. Although the amount of support determined under the formula is presumed correct, that presumption is rebuttable, "and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption." ORS 25.280. The court may, at that point, consider the criteria used by the trial court in this case when it made its determination that father had not met his burden of proof. The permissible considerations include evidence of the other available resources of a parent, reasonable necessities of a parent, a parent's ability to borrow, the number and needs of other dependents of a parent, the needs of the child, and the financial advantage afforded a parent's household by the income of a spouse. ORS 25.280.

In this case, the trial court used the above criteria to determine whether there had been a substantial change in circumstances. In order to properly consider them, it was required first to find that there had been a substantial change in circumstances under the statutory requirements, calculate father's gross income, including any potential income, and apply the formula. Because the court failed to engage in the proper analysis, remand is necessary.

Reversed and remanded.

---

[2] OAR 137-050-0360 provides, in part:

"(1) If a parent is unemployed, employed on less than a full-time basis or there in no direct evidence of any income, child support shall be calculated based on a determination of potential income. For purposes of this determination, there shall be a rebuttable presumption that a parent can be gainfully employed on a full-time basis.

"(2) Determination of potential income shall be made according to one of the two methods, as appropriate:

"(A) Determine employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, or prevailing job opportunities and earnings levels in the community[.]"