Argued and submitted June 1, resubmitted In Banc November 4, affirmed
December 9, 1992

# In the Matter of the Marriage of

## Barbara Ann GUTIERREZ,
nka Barbara Ann Zeller,
*Appellant,*

*and*

## Kevin George GUTIERREZ,
*Respondent.*

### (87-CV-24; CA A71519)

843 P2d 466

Valerie B. Doherty, Heppner, argued the cause for appellant. With her on the brief was Morrow County District Attorney's Office, Heppner.

Roy Kilpatrick, Mt. Vernon, argued the cause for respondent. With him on the brief was Kilpatricks, Mt. Vernon.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals an order denying a motion to modify a dissolution judgment in order to require father to make specific monthly payments of child support in an amount consistent with the Uniform Child Support guidelines. On *de novo* review, we affirm.

In 1987, mother and father were divorced by a stipulated judgment. The parties also entered into a "Marital Settlement Agreement." Under the child support provision of the agreement, father was ordered to maintain medical and dental insurance on the children so long as it was available through his employer. The provision also stated that he would "pay no child support to [mother]." The agreement was "ratified and confirmed" by the dissolution judgment.

In April, 1991, the Morrow County District Attorney moved to modify the judgment on mother's behalf in order to require father to make monthly child support payments in an amount consistent with the child support guidelines. OAR 137-50-320 to OAR 137-50-490. The hearing was held on June 21. In a letter opinion, the trial judge denied the motion to modify.

Mother makes three assignments of error. We need only address one of them. She argues that, because the action was brought by the district attorney as an "enforcing agency" under ORS 25.287, the trial judge was wrong in concluding that a change of circumstances was required for modification.

As we explained in *Gay and Gay*, 108 Or App 121, 814 P2d 543 (1991), there are two methods of modifying an existing child support order to bring it into accord with the guidelines. Under the traditional method, a party must establish a substantial change of circumstances so that an increase or decrease of support is warranted. Under the other method, an "enforcing agency" moves for periodic modification and no substantial change in circumstances is required. *Gay and Gay*, 108 Or App at 124. A traditional method proceeding may be brought anytime that there is claimed to have been a change of circumstances. The other method of modification can only occur if at least two years have passed since the last

modification. Both methods still exist, even though the statute we construed in *Gay and Gay* has since been repealed and replaced. 1991 Or Laws, ch 519, §§ 3, 8.

Mother relies on ORS 25.287.[1] Her reliance is misplaced. ORS 25.287 was enacted by Senate Bill 220, Or Laws 1991, ch 519, § 3. It was signed by the governor on July 14, 1991. Mother's right to a modification in *March 1991*, if it existed, depended on the law in effect at the time of the hearing. At that time, *former* ORS 25.285 controlled motions to modify child support. In short, ORS 25.287 was not yet in existence and does not apply.

■ Father argues that mother was not entitled to a modification through an enforcing agency. As a threshold matter, he contends that there is no support obligation. We disagree. The parties agreed that father would provide support to his children in the form of medical and dental insurance.[2] We construe that provision to be one for support.

■ Next, father contends that the district attorney was not acting as an "enforcing agency" because no money was being collected. His argument rests solely on *Gay and Gay*, 108 Or App 121, 125, 814 P2d 543 (1991). In that case, a father appealed from a modification of his child support obligation. We held that the mother had established a substantial change of circumstances. Modification, under the traditional method, was proper. *Gay and Gay*, 108 Or App at 126. In reaching that conclusion, we generally described the guidelines system that had recently been created by the legislature. That portion of the decision did not directly address our holding. It was therefore *dicta* when we wrote, construing *former* ORS 25.285:

---

[1] Under ORS 25.287, the "entity providing support enforcement services under ORS 25.080" may make a motion for periodic modification if the existing order is not in substantial compliance with the guidelines.

[2] The Marital Settlement Agreement provides:

  "4. CHILD SUPPORT.

  "(a) Husband shall pay no child support to wife.

  "(b) Husband shall maintain medical and dental insurance on the parties' minor children as long as it is provided through his place of employment, and wife shall pay all unreimbursed medical, dental, vision, and orthodontic expenses. If insurance is not available, all unreimbursed medical, dental, vision and orthodontic expenses shall be paid by wife."

"The guidelines do not apply to *all* outstanding orders. There are only two situations, other than original determinations, in which they apply. First, if, in the traditional proceeding, the court finds that the movant has established a substantial change in circumstances so that an increase or decrease in child support is warranted, the guidelines will apply to determine the amount of the modified award. [Emphasis in original.]

"* * * * *

"Second, effective July 1, 1990, support obligations *collected* through an 'enforcing agency' (*i.e.* SED or a district attorney) *must be periodically reviewed and adjusted to comply with the guidelines* if the obligee, obligor, or Adult and Family Services Child Support unit requests." 108 Or App at 124. (Emphasis supplied.)

Father argues that, under *Gay*, unless an enforcing agency was *collecting* a specific amount of money, it did not have authority to move for a modification based on the guidelines.

The *dicta* in *Gay* refers to *former* ORS 25.285 and *former* ORS 25.080, which were passed to comply with Title IV-D of the Social Security Act (the Act). The Act required that all child support services provided by states must be offered to both welfare and non-welfare recipients. 42 USC § 654 (6). Failure to comply meant loss of federal money. Among the services mandated by the Act are "collection" services, which include representing clients in their efforts to obtain modification of child support awards. *State ex rel Jeske v. Jeske*, 144 Wis 2d 364, 424 NW 2d 196 (1988). That expansive definition of "collection" should be used to interpret the *dicta* in *Gay and Gay*.

The question here is whether the enforcing agency was required to have a *pre-existing relationship* with the case before mother could have it move to modify on her behalf under *former* ORS 25.285, which read:

"The Department of Human Resources shall establish rules concerning the review of support orders *being enforced* under ORS 25.080. The rules shall establish the criteria and procedures for the initiation of proceedings to modify orders. The purpose of proceedings so initiated will be to insure that the support obligation is in accordance with the formula established by this 1989 Act. A proceeding to modify a support obligation based on a review provided for in this

section shall not be initiated sooner than two years following the date on which the current support obligation became effective. The court shall not consider any issue in the proceeding other than whether the support obligation became effective and should be modified. Notwithstanding the provisions of this section, proceedings may be initiated at any time to modify a support obligation based upon a substantial change of circumstances under any other provision of law." (Emphasis supplied.)

Under that authority, the Department of Human Resources promulgated an administrative rule for "Periodic Review and Modification of Child Support Award Amounts," OAR 461-195-072(2), which provided, in part:

"Beginning no later than July 1, 1990, [in] any child support case *being enforced*

"* * * * *

"the enforcing agency shall conduct a review no sooner than 24 months after the support order or custody order was established or most recently modified, or was most recently reviewed, if any of the following parties has requested a review:

"(a)   The obligee; or

"(b)   The obligor; or

"(c)   The AFS Child Support Unit (CSU)." (Emphasis supplied.)

Both *former* ORS 25.285 and OAR 461-195-072(2) referred to modification of support orders "being enforced" *by the enforcing agency*. As a result, the enforcing agency had to have a pre-existing relationship with the order before it was authorized to move for modification.[3]

Mother testified that she did not know whether father was providing the insurance required by the dissolution judgment. She could have asked the district attorney to assist in enforcing that portion of the judgment. Had she done so, the agency would have been enforcing the order under *former* ORS 25.080, and the agency would have been able to

---

[3] We can discern no logical reason why a party should be required to approach an agency *twice* in order to get support modification — once to get "enforcement" and again to request modification — but that is what the language of *former* ORS 25.285 required.

move for modification. However, because the agency was not enforcing the support order, it could not seek modification under *former* ORS 25.080. Accordingly, the trial court was correct when it denied the motion to modify.

Affirmed. No costs to either party.