Argued and submitted June 16, affirmed September 22, 1993

In the Matter of the Marriage of

Cheryl A. RAMBERG,
*Respondent,*
*and*

Gregory A. RAMBERG,
*Appellant.*

(8108-66252; CA A76678)

859 P2d 571

Curtis D. Kinsley, Lake Oswego, argued the cause for appellant. With him on the briefs was Banton & Kinsley, P.C., Lake Oswego.

C. Thomas Davis, Beaverton, argued the cause for respondent. With him on the brief was Gleeson & Davis, Beaverton.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Father appeals an order modifying a judgment of dissolution. He argues that the trial court erred in determining his child support arrearages. On *de novo* review, we affirm.

The parties were married in 1975 and have one minor child. The dissolution judgment awarded custody to mother and required father to pay child support in the amount of $150 per month and to provide medical and dental insurance for the child, if available through his employment. The child is now 18 years old and has lived with father since April, 1991. In 1992, father moved to modify the dissolution judgment to award him custody, to have the court determine mother's child support obligation and any arrearage between the parties, and to award him costs and attorney fees. Mother's answer included a request that the court calculate father's arrearage and offset it against her future child support obligations. She also requested costs and attorney fees.

After a hearing, the trial court gave custody of the child to father and ordered mother to pay child support in the amount of $142 per month to be offset by father's arrearage and to provide medical and dental insurance coverage for the child, beginning in June, 1992. The court accepted the parties' stipulation that the father's child support arrearage, not including arrearage for his failure to provide medical and dental insurance for the child, was $8,761.44 with interest accruing from May 15, 1992, until paid, and entered a judgment for mother in that amount. Additionally, the court awarded mother $8,310.36 plus interest at 9 percent from July, 1992, until paid. This award represented her costs in obtaining medical insurance and other medical expenses during the time that father did not fulfill his obligation to provide medical and dental insurance for the child.

Father first argues that the trial court erred in modifying the judgment "without the receipt of any sworn testimony or evidence and without considering the post-ruling stipulation as to what the testimony or evidence might have been." According to father, the court did not consider the parties' stipulation and, therefore, there is no evidence in the

record to support the judgment or from which this court may exercise its *de novo* review.

We disagree with father's assertion that the court did not consider the parties' stipulations before ruling on the merits. The record shows that the court continued the hearing to allow the parties to present testimony. When the hearing was reconvened, the parties informed the court that they would stipulate to the testimony that each would have presented to the court. The court received those stipulations, and they are binding on the parties. *See Kathrens and Kathrens*, 47 Or App 823, 827, 615 P2d 1079, *rev den* 290 Or 211 (1980). The record shows that the parties' stipulations were considered before the court's final ruling.

■ Father's second assignment of error is that the court erred in awarding mother a lump sum judgment of $8,310.36, representing the costs incurred by her for medical and dental insurance and expenses for the time that father was obligated to provide insurance for the child. Father contends that the court only had authority to determine the amount of child support arrearage and that if any action were to be taken in regard to the health and dental insurance, mother would have to do that through a contempt proceeding.

The show cause order that initiated this proceeding said that mother should appear and show cause:

"Why the Judgment of dissolution between the * * * parties should not be modified to award child support to [father] consistent with the Uniform Child Support Guidelines.

"Why the Court should not enter an Order setting the amount of arrearages between the parties.

"Why [mother] should not be ordered to pay [father's] attorney fees, costs and disbursements incurred herein, pursuant to ORS 107.135 and 107.445."

Mother responded:

"[Mother] acknowledges that [father] should be awarded child support in an amount to be determined by the court;

"[Mother] admits that the court should enter an order setting the amount of any arrearages between the parties. [Mother] denies she should be ordered to pay [father's] attorney fees, costs and disbursements.

"FOR AFFIRMATIVE DEFENSE, [MOTHER] ALLEGES AS FOLLOWS:

"[Mother] claims offsetting arrearages in an amount to be determined by the court;

"For counterclaim, [mother] alleges as follows:

"[Mother] requests to calculate [father's] arrears and offset said arrears against [mother's] future support obligation.

"[Mother] requests that [father] be ordered to pay [mother's] attorney fees, costs and disbursements incurred herein, pursuant to ORS 107.135 and 107.445."

Father concedes, and we agree, that the court had authority to determine the amount of child support arrearage. Under ORS 25.330(1)(a), parties may establish a record of support payment arrearage by court order. Through the show cause order, and mother's response to it, father and mother petitioned the court to determine the arrearages between them. It is father's position, however, that the court did not have authority to determine the insurance arrearage, because medical insurance and dental insurance are not child support.

Under the circumstances here, we disagree with father's assertion. ORS 107.135(1)(a) provides that the court may "[s]et aside, alter or modify so much of the decree as may provide for the * * * *support and welfare of the minor children* * * *, including any provisions for health or life insurance[.]*" (Emphasis supplied.) In *Gutierrez and Gutierrez*, 117 Or App 106, 109, 843 P2d 466 (1992), we held that a requirement to provide a child with medical and dental insurance may be a child support provision. Likewise, here we conclude that the provision in the original judgment for health insurance for the child was intended to be child support. Accordingly, the trial court had authority to determine the arrearages between the parties, including the arrearage for health insurance, in this proceeding.

Father also argues that the court erred in calculating the amount of arrearage for the child's medical and dental insurance, because it awarded mother her costs incurred in obtaining alternative insurance coverage. Father argues that he is only required to reimburse mother for medical expenses

actually incurred and that does not include the costs of insurance. He relies on ORS 25.255(9), which provides:

> "The obligor who fails to maintain the medical or dental insurance for the benefit of the child as ordered shall be liable for any medical or dental expenses incurred from the date of the order."

However, OAR 137-50-430 provides that the cost of medical insurance is a medical expense. Accordingly, it is recoverable by an obligee when the obligor fails to provide insurance in accordance with the child support obligations. The administrative rule regarding medical expenses states:

> "The basic child support obligation may be increased by a reasonable amount which recognizes recurring medical costs or cost of medical insurance incurred on behalf of joint children by the custodial parent. Such an increase is allowable only to the extent that such medical costs are not paid by health or other insurance." OAR 137-50-430.

The court did not err in determining that father's arrearage for failure to provide the child with medical and dental insurance included mother's cost of obtaining alternative coverage.

■    Father also argues that he should not be required to pay for insurance costs for 1983 and 1984, because insurance was not available through his employment. However, the trial court did exclude costs for that period. As the court explained:

> "The court determined the amount [of arrearages for medical insurance] by deleting from [mother's] request sums attributed to 1983 and 1984 as [father] has testified that no insurance was available, the sum equal to a credit for 18 months of $12 per month for dental insurance [father] did acquire; and, deleting from [mother's] request sums attributed to 1991 and 1992[.]"

■    Finally, father argues that the court erred in awarding mother a lump sum judgment for $8,761.44, representing child support arrearage and accrued interest, and then providing that interest would accrue on that judgment at the rate of 9 percent per annum. According to father, this amounts to an award of compound interest, because child support payments that are past due are final judgments under ORS 107.135(5) and already accrue interest under ORS 82.010(2).

Father argues: "By calculating the arrearage, the court cannot convert post-judgment accrued interest into accrued interest under ORS 82.010(2)(c)."

We do not agree. ORS 82.010(2)(c) provides that interest on a judgment for the payment of money that includes accrued interest will accrue on the entire amount of the judgment. ORS 82.010 provides, in part:

"(2) Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum.

"* * * * *

"(c) Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment."

The judgment awarding mother child support arrearage and accrued interest was a judgment for the payment of money and, therefore, accrues interest under ORS 82.010(2) independent of the underlying obligation that it represents. The trial court correctly awarded interest on the entire amount of the judgment.

Affirmed. Costs to mother.