Submitted on record and briefs March 25, 1993, reconsideration of motion to dismiss denied; reversed and remanded January 19, 1994

In the Matter of the Marriage of

Robert Lee NASH,
*Petitioner,*

*and*

Donna Jean NASH,
*Respondent.*

STATE ex rel Donna J. NASH,
*Appellant,*

*v.*

Robert Lee NASH,
*Respondent.*

(86-DO-0308-TM; CA A72308)

867 P2d 528

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, filed the brief for appellant.

Robert L. Nash, *pro se*, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

DEITS, P. J.

## DEITS, P. J.

The state appeals the trial court's order dismissing its petition for modification of child support under ORS 25.080 and *former* ORS 25.285. We reverse.

The marriage between mother and father was dissolved in 1987. The dissolution judgment provided for joint custody of their two minor children. Mother was awarded physical custody of the children and father was ordered to pay $525 per month in child support for both children. On July 12, 1988, father was notified that he should direct his child support payments to the Department of Human Resources (DHR).[1] On December 7, 1990, mother requested that the district attorney conduct a periodic review of the case to determine whether the child support order was in compliance with the child support guidelines. *Former* ORS 25.285.[2] Mother and father were sent the requisite notices and given an opportunity to respond. Mother provided the district

---

[1] Mother had requested that the payments be made through DHR pursuant to ORS 25.320(1), which provides, in part:

"If the payment method for support payments set forth in the governing support order does not require payments to be made through the Department of Human Resources, the obligor, obligee, district attorney or Support Enforcement Division of the Department of Justice *may request to have subsequent payments made through the department.*" (Emphasis supplied.)

[2] *Former* ORS 25.285 was repealed in 1991. Or Laws 1991, ch 519, § 8. ORS 25.287, which was enacted to replace *former* ORS 25.285, now provides:

"(1) If more than two years have elapsed since the entry of a support order under ORS chapter 24, 107, 108, 109, 110, 416 or 419 and the support obligation is not in substantial compliance with the formula established by ORS chapter 25, then the entity providing support enforcement services under ORS 25.080 in regards to the support order may initiate proceedings to modify the support obligation to insure that the support obligation is in accordance with the formula established by ORS chapter 25. The court, the administrator or the hearings officer shall not consider any issue in the proceeding other than when the support obligation became effective and whether it is in substantial compliance with the formula established by ORS chapter 25. If the court, the administrator or the hearings officer finds that more than two years have elapsed since the entry of the support order and the support obligation is not in substantial compliance with the formula established by ORS chapter 25, the court, the administrator or the hearings officer shall modify the support order so that the amount of support to be paid is in accordance with the formula established by ORS chapter 25, whether or not there has been a substantial change of circumstances since the entry of the current support order.

"(2) Notwithstanding the provisions of this section, proceedings may be initiated at any time to modify a support obligation based upon a substantial change of circumstances under any other provision of law."

attorney with relevant information. According to the state, father did not provide any information to the district attorney. On March 4, 1991, following its periodic review, the district attorney, at mother's request, moved for father to show cause why the order of support should not be modified to provide for increased child support in compliance with the child support guidelines. ORS 25.275. On April 19, 1991, father moved to dismiss the state's motion on the ground that the state lacked statutory authority to petition for modification of the child support order, because the children were not receiving public assistance and all support payments were current. The trial court granted father's motion to dismiss.

The state argues that under ORS 25.080 and *former* ORS 25.285 it has authority to provide support enforcement services, including the initiation of proceedings to modify existing child support obligations in circumstances where an obligee requests support enforcement services and payment records are being maintained by DHR. Father argues that the state may only initiate modification of a child support obligation when the child is receiving or has received public assistance, or the obligor is in arrears and support enforcement services are being provided. He contends, and the trial court agreed, that it would make no sense for the state to be involved in a child support proceeding if neither of those circumstances existed. Father asserts that, because the children here are not receiving public assistance and he was not in arrears, the state had no authority to bring this proceeding and, accordingly, the trial court properly granted his motion to dismiss.

■ Under ORS 25.080(1), support enforcement services are to be provided by the Support Enforcement Division of the Department of Justice (SED) or by the district attorney. SED is authorized to provide services if support rights are assigned to DHR or when arrearages are assigned to a government agency. ORS 25.080(1)(a). The district attorney is responsible for providing support enforcement services in any other case when:

"(A) The obligee or beneficiary of any order or decree requests support enforcement services; and

"(B) The payment records are being maintained by the Department of Human Resources." ORS 25.080(1)(b).

Contrary to father's assertions, nothing in the statute requires that the child be receiving aid from the state or that the obligor be in arrears before the district attorney is responsible for providing support enforcement services. ORS 25.080(5) provides:

> "The district attorney or the Support Enforcement Division, whichever is appropriate, shall provide the services specified in subsections (1) and (2) of this section *to any person requesting them * * *.*" (Emphasis supplied.)

Under ORS 25.080(2), support enforcement services include the initiation of modification proceedings:

> "The [district attorney] is responsible for providing support enforcement services on behalf of the State of Oregon. When responsible for providing support enforcement services, the [district attorney]:
>
> "* * * * *
>
> "(d)  * * * may initiate and respond to modification proceedings concerning existing support orders or decrees."

Based on the above statutes, we conclude that the district attorney is responsible for providing support enforcement services to an obligee when such services are requested and payment records are being maintained through DHR.[3] This is not, as father maintains, a nonsensical result. This conclusion carries out the policy underlying the child support guidelines to encourage uniformity in all child support awards. ORS 25.270(4). To accomplish this goal, the legislature authorized the state to provide support enforcement services to any parent who is subject to a child support order. Our conclusion is also consistent with the administrative rules adopted by DHR to implement these statutes[4] and with

---

[3] We note that there is an ambiguity in ORS 25.080(1)(b) regarding whether an obligee must meet the requirements of both subsections (A) and (B) before support enforcement services are available or if the requirement of only one of the subsections must be met. The statute says "in any of the following" but the subsections are joined by the conjunction "and." Because mother has met the requirements of both subsections, we need not resolve that ambiguity here.

[4] OAR 461-195-001(16) provides that the district attorney is responsible for providing support enforcement services when the beneficiary is not receiving public assistance:

> "In most Oregon Counties, the DA is responsible for providing support enforcement services, when requested, on all support cases where no beneficiary is receiving [Aid to Dependent Children] and no [Collectible Unreimbursed

federal law, which requires that each state provide child support enforcement services, including periodic reviews to ensure compliance with the state's child support guidelines.[5] *See* 42 USC § 666(10); *see also* 45 CFR ch 111 §§ 302.33, 303.4 (1990).

---

Assistance] is owed."

Under OAR 461-195-001(29), SED is responsible for providing support enforcement services when the beneficiary is receiving public assistance:

" 'Support Enforcement Division' or 'SED' is the Division of Oregon's Department of Justice that is responsible for establishing paternity, obtaining judgments for arrears, and for establishing and enforcing support obligations, on behalf of all children who:

"(a) Are receiving [Aid to Dependent Children], or who have received [Collectible Unreimbursed Assistance] in Oregon;

"(b) Are receiving ADC, or who have received CUA in another state, in cases where an obligor, absent parent, or alleged father resides or works in Oregon; or

"(c) Are under the enforcement jurisdiction of an Oregon County that has contracted its support enforcement responsibilities to SED, in lieu of having the county District Attorney perform those responsibilities."

[5] Under 42 USC § 666, each state must have in effect laws that require:

"(10)(A) Procedures to ensure that, beginning 2 years after October 13, 1988, if the State determines (pursuant to a plan indicating how and when child support orders in effect in the State are to be periodically reviewed and adjusted) that a child support order being enforced under this part should be reviewed, the State must, at the request of either parent subject to the order, or of a State child support enforcement agency, initiate a review of such order, and adjust such order, as appropriate, in accordance with the guidelines established pursuant to section 667(a) of this title.

"(B) Procedures to ensure that, beginning 5 years after October 13, 1988, or such earlier date as the State may select, the State must implement a process for the periodic review and adjustment of child support orders being enforced under this part under which the order is to be reviewed not later than 36 months after the establishment of the order or the most recent review, and adjusted, as appropriate, in accordance with the guidelines established pursuant to section 667(a) of this title, unless—

"(i) in the case of an order with respect to an individual with respect to whom an assignment under section 602(a)(26) of this title is in effect, the State has determined, in accordance with regulations of the Secretary, that such a review would not be in the best interests of the child and neither parent has requested review; and

"(ii) in the case of any other order being enforced under this part, neither parent has requested review."

Federal regulations provide that:

"The state plan must provide that the * * * services established under the plan shall be made available to any individual * * * who files an application for the services with the IV-D agency." 45 CFR, ch 111, § 302.33 (1990).

Section 303.4 provides, in part, that:

■      Here, the parties agree that DHR is maintaining the child support payment records and that mother requested that the district attorney initiate a periodic review of father's child support obligation. Under our decision in *Gutierrez and Gutierrez*, 117 Or App 106, 111, 843 P2d 466 (1992), however, there is an additional prerequisite before a party may request a periodic review of a child support award. *Gutierrez* holds that before a parent may request a periodic review of a child support order, at least two years must have passed since entry of the support order or its modification and the enforcing agency must have had a pre-existing relationship with the support order. That decision relied on the statute that authorizes DHR to establish review proceedings for support orders "being enforced" and administrative rules that allow either parent to request the appropriate "enforcing agency" to review support orders "being enforced." OAR 461-195-072(2); *former* ORS 25.285.[6]

---

"For all cases referred to the IV-D agency or applying under § 302.33 of this chapter, the IV-D agency must:

"* * * * *

"(c) Review the support obligation periodically and whenever the IV-D agency becomes aware of changes in the factors which determine the amount of the support obligation." 45 CFR, ch 111, § 303.4 (1990).

[6] *Former* ORS 25.285 provided that:

"The Department of Human Resources shall establish rules concerning the review of support orders *being enforced* under ORS 25.080. The rules shall establish the criteria and procedures for the initiation of proceedings to modify orders. The purpose of proceedings so initiated shall be to insure that the support obligation is in accordance with the [child support guidelines.] A proceeding to modify a support obligation based on a review provided for in this section shall not be initiated sooner than two years following the date on which the current support obligation became effective. The court shall not consider any issue in the proceeding other than whether the support obligation became effective and should be modified. Notwithstanding this section, proceedings may be initiated at any time to modify a support obligation based upon a substantial change of circumstances under any other provision of law." (Emphasis supplied.)

In December, 1990, OAR 461-195-072(2) provided:

"Beginning no later than July 1, 1990, any child support case *being enforced* under Title IV-D of the Social Security Act, *the enforcing agency* shall conduct a review no sooner than 24 months after the support order or custody order was established or most recently modified, or was most recently reviewed, *if any of the following parties has requested a review*:

"(a) *The obligee; or*

"(b) The obligor; or

Here, it has been two years since the support order was entered or modified. However, father argues that the order is not "being enforced," within the meaning of *former* ORS 25.285, because he is not currently in arrears. We disagree. The district attorney, at the request of mother, had started proceedings to garnish father's wages[7] and had previously issued to father a notice of intent to enforce the support order because of late payments. The district attorney had a pre-existing relationship with the child support order in this case. Because it had been at least two years since the order was entered or modified and mother had requested a periodic review, the district attorney had authority to initiate the modification proceedings on the basis of the periodic review procedures established under *former* ORS 25.285. The trial court erred in dismissing the state's motion to modify the child support order pursuant to ORS 25.080 and *former* ORS 25.285.

Father's remaining arguments under this assignment of error do not require discussion.

Father also moves that we reconsider our denial of his motion to dismiss the state's appeal for lack of an appealable judgment or order. His motion for reconsideration is denied.

Reconsideration of motion to dismiss denied; reversed and remanded.

---

"(c) The AFS Child Support Unit (CSU)." (Emphasis supplied.)
That subsection has since been amended and renumbered.

[7] Those proceedings were dismissed and father's wages were not garnished.