Argued and submitted January 18, reversed and remanded October 17, 2001, petition for review denied January 15, 2002 (333 Or 260)

STATE OF OREGON ex rel
Danielle S. MORAN,
*Appellant,*

*v.*

Clark D. RUSHMAN,
*Respondent.*

6099-20334; A109916

33 P3d 999

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Ernest Lundeen argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from a judgment that dismissed its petition to establish that respondent is the father of mother's child.[1] The court based its judgment on an order that granted summary judgment to respondent on the ground that a marriage dissolution judgment between respondent and mother precluded the state from establishing respondent's paternity in this proceeding. We reverse.

The material facts are undisputed. Respondent and mother married on November 2, 1989, in anticipation of the impending birth of child, who was born on April 9, 1990. The marriage was short lived, however, with respondent filing a petition to dissolve it in December 1990. The dissolution petition alleged that there were "no children born of this marriage." Respondent served mother with the petition and summons while she was on military duty in the Indian Ocean. After consulting with a military attorney, mother acknowledged service and allowed a default to be taken against her. Mother stated that she agreed to the default because she could not find a civilian attorney to represent her in the dissolution proceeding and because she too wanted to dissolve the marriage. The court entered a dissolution judgment on May 17, 1991, that stated that there were "no children born of issue of [the parties'] marriage."

After the dissolution, respondent had consistent contact with mother and child until November 1996. In January 1999, mother asked the Lane County District Attorney to file a proceeding against respondent pursuant to ORS 25.080 and ORS 416.400 to ORS 416.700 to establish respondent's paternity of child and to obtain an order requiring respondent to pay child support. The state filed this proceeding in response to that request. Respondent moved for summary judgment, arguing that the doctrine of issue preclusion prevented the state from establishing his paternity, because the dissolution judgment conclusively established that he is not

---

[1] Mother is the relator in this proceeding. We will refer to her as mother in the opinion. It is unclear why mother is identified as the relator, because the statutes under which the proceeding is brought do not appear to envision that there be a relator. *See* ORS 25.080; ORS 416.407(1).

child's father. The trial court granted respondent's motion, and the state appealed from the ensuing judgment.

The resolution of the case turns on whether the state is acting for itself in this proceeding or is acting for mother. If the latter is the case, the state might well be bound by the dissolution judgment that determined that respondent did not father a child with mother during their marriage, because mother is bound by it. However, if the state is acting on its own to establish respondent's paternity and to impose a child support obligation on him if he is child's father, the state would not be bound by any factual issues that were decided in the dissolution case in which it was not a party or in privity with a party. *See, e.g., Mares and Mares,* 131 Or App 439, 441-44, 886 P2d 17 (1994).

The statute under which the state brought this proceeding, ORS 25.080, determines the issue. As pertinent to this case, it provides that district attorneys

"shall provide the support enforcement services described in subsection (4) of [ORS 25.080] on behalf of the State of Oregon and no other party or either parent."

ORS 25.080(1). The services described in subsection (4) of the statute include the pursuit of proceedings to establish paternity and to establish child support obligations, ORS 25.080(4)(a), (b), that is, proceedings of the type at issue here. Finally, district attorneys are required to provide the support enforcement services described in subsection (4) when asked to do so by a person who is an obligee or who has "physical custody of a minor child regarding any support order that * * * could be imposed." There is no dispute that mother is someone who could make that request in this case.[2]

Under ORS 25.080, the support enforcement services provided by the district attorney in this case are provided to the state and not to mother. By making the state the party

---

[2] To avoid any misunderstanding, the support enforcement services listed in subsection (4) of ORS 25.080 include support services directed to spousal support as well as child support. *See* ORS 25.080(4). Because this proceeding is concerned solely with child support, we have limited our discussion to that aspect of the statute.

to which the services are provided, the legislature has determined that the state is a party that has an interest in securing support for children from those who are liable under the law to provide it.[3] Because the state is acting for itself in this proceeding to achieve something important to it, it is not bound by the dissolution judgment that was entered in a proceeding in which it was not a party or in privity with a party that determined that respondent did not father a child with mother. Consequently, the trial court erred in granting respondent's motion for summary judgment on the ground that issue preclusion barred the state from establishing that respondent is child's father.

Reversed and remanded.

---

[3] ORS 416.405 supports that conclusion. It provides that

"[i]t is the public policy of this state that dependent children shall be maintained, as much as possible, from the resources of both parents, thereby relieving or avoiding, at least in part, the burden often borne by single parents or by the general citizenry through public assistance programs."

ORS 25.080(4)(i), in turn, requires the district attorney to act on behalf of the state to carry out the policy embodied in ORS 416.405. Although parents and children benefit from the policy embodied in ORS 416.405, the legislature has chosen to give the state the authority to bring proceedings on its behalf to secure support for children in order better to ensure that the policy embodied in the statute is achieved. See Nash and Nash, 126 Or App 39, 42-43, 867 P2d 528 (1994).