Argued and submitted April 25, supplemental judgment modified to award
plaintiff $851.50 in costs; otherwise affirmed August 10, 2005

Kenneth OLSON,
*Respondent,*

*v.*

ECLECTIC INSTITUTE, INC.,
an Oregon corporation,
*Appellant.*

0305-05503; A124849

119 P3d 791

Karen O'Kasey argued the cause for appellant. With her on the briefs was Hoffman Hart & Wagner, LLP.

Carter Mann argued the cause for respondent. With him on the brief was Foster Pepper Tooze.

Before Landau, Presiding Judge, and Armstrong, Judge, and Breithaupt, Judge pro tempore.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals from a judgment for plaintiff on plaintiff's wage claim and a supplemental judgment awarding plaintiff costs and attorney fees. Defendant makes three assignments of error: (1) the trial court erred in concluding that the accumulated automobile allowance that defendant owed plaintiff at the time that plaintiff quit work was a wage within the meaning of ORS 652.150 and ORS 652.200; (2) the trial court abused its discretion in awarding plaintiff attorney fees of $15,493.23; and (3) the trial court erred in awarding plaintiff $1,885.53 in costs. We modify the supplemental judgment and otherwise affirm.

Defendant manufactures and distributes natural herbs and vitamins. Defendant hired plaintiff to manage defendant's cold storage facility in Gresham. Defendant also owned another facility in Gresham and a farm approximately 20 miles from the cold storage facility. Plaintiff's job required him to travel to the two properties in Gresham and the farm. He drove his own vehicles between the various locations.

In October 1998, plaintiff asked defendant for an automobile allowance of $250 per month in addition to his regular salary. Defendant agreed to pay plaintiff that amount. The parties agreed that, in order to receive the allowance, plaintiff was not required to submit receipts or document his mileage. So long as plaintiff submitted an invoice requesting the allowance each month, defendant would pay him the allowance. Defendant paid plaintiff the allowance from October 1998 through February 1999. In March 1999, defendant experienced cash flow problems. Plaintiff and defendant agreed that defendant would indefinitely postpone its payment of the monthly allowance to plaintiff. At some point in the future, defendant would resume making the monthly payments to plaintiff and pay plaintiff the total amount of allowance accrued in the intervening period.

Plaintiff continued to work for defendant until April 21, 2003, when plaintiff resigned. At that time, defendant had not paid plaintiff the automobile allowance since February 1999. When he resigned, plaintiff asked defendant to pay him

his accrued salary and benefits, including the accrued amount of the automobile allowance. Defendant paid plaintiff his accrued salary and the value of his accrued vacation time. However, defendant did not pay plaintiff the accrued amount of the automobile allowance.

Plaintiff subsequently brought this action against defendant, seeking the accrued amount of the automobile allowance, penalties under ORS 652.150, and attorney fees and costs under ORS 652.200. After a mandatory arbitration, an arbitrator ruled in defendant's favor on plaintiff's claims. Plaintiff sought a trial *de novo* pursuant to ORS 36.425(2)(a). The trial court ruled in plaintiff's favor on all of plaintiff's claims, and defendant appeals.

■ In support of his first assignment of error, defendant contends that the trial court erroneously interpreted ORS 652.150(1) and ORS 652.200(2). ORS 652.150(1) provides:

> "[I]f an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, * * * then, as a penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. However, in no case shall such wages or compensation continue for more than 30 days from the due date."

ORS 652.200(2) provides, in turn:

> "In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall, upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting such action, unless it appears that the employee has willfully violated the contract of employment or unless the court finds that the plaintiff's attorney unreasonably failed to give written notice of the wage claim to the employer before filing the action."

Defendant argues that the automobile allowance is not a "wage" as the term is used in those statutes because the allowance was designed to reimburse plaintiff for his

expenses rather than compensate him for his services. Defendant also argues that, in order to establish that the allowance was a wage, plaintiff was obligated to, and did not, produce evidence that the allowance exceeded his actual expenses and thereby provided him with an economic benefit.

In response to defendant's contention that the allowance was a reimbursement and reimbursements are not wages within the meaning of the statute, plaintiff makes several arguments. First, plaintiff contends that the allowance is not different from other benefits that are wages. *See, e.g., State ex rel Nilsen v. Ore. Motor Ass'n*, 248 Or 133, 138, 432 P2d 512 (1967) (paid vacation benefits are wages); *Allen v. County of Jackson County*, 191 Or App 185, 200, 82 P3d 628 (2003), *rev allowed*, 337 Or 84 (2004) (retirement benefits are wages). Second, plaintiff notes that no Oregon case distinguishes between reimbursement and compensation and argues that we should not adopt that distinction in this case. Third, plaintiff contends that, even if we were to hold that an employer's reimbursement of an employee for a business-related expense is not a wage, plaintiff did, in fact, receive an economic benefit from the allowance because employer paid him more than his actual expenses.

■■ As used in ORS 652.140 and ORS 652.150, "wages" include "all earned compensation contracted to be paid by the employer for the employee's personal service regardless of the nature of such compensation." *Nilsen*, 248 Or at 136. As used in ORS 652.200, the term has the same meaning. *Kantor v. Boise Cascade Corp.*, 75 Or App 698, 709, 708 P2d 356 (1985), *rev den*, 300 Or 506 (1986) ("wages" means "any compensation for an employee's services"). In this case, rather than arranging to reimburse plaintiff for his expenses, defendant paid plaintiff a fixed monthly payment in exchange for plaintiff's service of using his vehicles to drive between defendant's properties. Plaintiff earned monthly compensation of $250 for that service, regardless of how much he drove. Thus, the parties' arrangement was not one for reimbursement, and we need not consider defendant's argument that reimbursements are not wages. The trial court did not err in concluding that the automobile allowance payments were wages within the meaning of ORS 652.150 and ORS 652.200.

We turn to defendant's second assignment of error. Defendant argues that the trial court abused its discretion in awarding plaintiff attorney fees of $15,493.23. Defendant argues that, given the nature of plaintiff's claim, the time spent on the issue by plaintiff's attorney was unreasonable. Plaintiff responds that the trial court fully explained the rationale for the award in a written opinion, and the opinion demonstrates that the court did not abuse its discretion in awarding that amount of fees. We agree with plaintiff and reject defendant's second assignment of error without further discussion.

■　Defendant's last assignment of error is that the trial court abused its discretion in awarding plaintiff costs of $1,885.53. Defendant argues that that amount includes $1,034.03 in impermissible deposition and service-of-process costs, witness fees, and filing fees. Plaintiff concedes that, under ORCP 68 A(2), the trial court erred in awarding $884.03 of those costs. Plaintiff's concession is well taken. Plaintiff does not concede that the trial court erred in awarding the remaining $150 in disputed costs for the fee that he paid when he filed his request for a *de novo* trial after the issuance of an arbitration award. We therefore consider whether the $150 filing fee was properly awarded under ORCP 68.

■　Under ORCP 68 B, "costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs." " 'Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action * * *." ORCP 68 A(2).

ORS 36.425(2) guides our inquiry into whether the $150 is a cost or disbursement. It provides that a party seeking a *de novo* trial after an adverse decision in a mandatory arbitration proceeding must deposit $150 with the clerk of court. If the result obtained by the party in the *de novo* trial improves on the result that the party received in the arbitration, then the clerk is to return the $150 to the party.

Plaintiff sought a *de novo* trial after an adverse decision in a mandatory arbitration proceeding. He improved his

position as a result of the judgment that the court entered after the *de novo* trial. Therefore, he is entitled to the return of the $150 that he deposited with the clerk. ORS 36.425(2)(c). Given that plaintiff will be or already has been reimbursed the $150, the $150 is not a cost or disbursement within the meaning of ORCP 68 A because it is not an expense that plaintiff actually incurred. Consequently, the trial court erred in awarding it to plaintiff as a cost.

Supplemental judgment modified to award plaintiff $851.50 in costs; otherwise affirmed.