Argued and submitted January 25, affirmed October 19, 2011, petition for review denied February 2, 2012 (351 Or 546)

David YOUNG, et al,
*Plaintiffs-Appellants,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
97C10933; A145273

265 P3d 32

John Hoag argued the cause for appellants. With him on the briefs was Snyder and Hoag, LLC.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiffs, state employees who successfully brought an action against the state for unpaid overtime compensation,[1] assert that the trial court erred in granting the state's motion for summary judgment. The court ruled that plaintiffs were not entitled to receive interest on an earlier award of interest under ORS 82.010(2)—that is, interest on a delayed payment of post-judgment interest. The court also ruled that plaintiffs were not entitled to a statutory penalty for unpaid wages under ORS 652.150 with respect to the untimely payment of post-judgment interest. We affirm.

This case has a long and complicated history; we will not state the whole megillah here.[2] For this appeal, the following facts are relevant. The 1995 Oregon legislature amended the statutes regarding overtime pay for white collar public employees. By oversight, the amended statutes did not exclude state "white collar" employees from overtime pay. In 1997, plaintiffs brought this civil action against the state, seeking unpaid overtime compensation under *former* ORS 279.340(1) (1995),[3] *renumbered as* ORS 653.268(1) (2003). In 2003, this court held that the plain language of *former* ORS 279.340 demonstrated that state managerial and executive employees were entitled to overtime pay. *Young v. State of Oregon,* 161 Or App 32, 40, 983 P2d 1044, *rev den,* 329 Or 447 (1999) *(Young I).* Following appeals regarding the calculation of overtime, *Young v. State of Oregon,* 195 Or App 31, 39, 96 P3d 1239 (2004) *(Young II), rev'd,* 340 Or 401, 133 P3d 915

---

[1] This case involves more than 100 plaintiffs. Accordingly, we have shortened the case title. A list of all of the plaintiffs' names may be obtained from the Appellate Court Records Section.

[2] *The Joys of Yiddish* defines "megillah" in part as "[a]nything very long, prolix; a rigmarole." Leo Rosten, *The Joys of Yiddish* 233 (1968).

[3] *Former* ORS 279.340(1) (1995) provided:

"Labor directly employed by any public employer as defined in ORS 243.650 shall be compensated, if budgeted funds for such purpose are available, for overtime worked in excess of 40 hours in any one week, at not less than one and one-half times the regular rate of such employment. If budgeted funds are not available for the payment of overtime, such overtime shall be allowed in compensatory time off at not less than time and a half for employment in excess of 40 hours in any one week."

(2006) (*Young III*), the state satisfied the judgment for over-time payments to plaintiffs in full in 2006 and 2007. Plaintiffs then sought post-judgment interest, which the trial court denied; we affirmed the trial court's decision. *Young v. State of Oregon*, 221 Or App 146, 188 P3d 476 (2008) (*Young IV*). The Supreme Court reversed, holding that the state was not immune from the payment of post-judgment interest and that post-judgment interest accrued from the date of the original judgment, in January 2003. *Young v. State of Oregon*, 346 Or 507, 519, 212 P3d 1258 (2009) (*Young V*). Plaintiffs have acknowledged that, in June 2010, they received payment in full of post-judgment interest owed on the original January 2003 judgment for the time between when the judgment was entered and the state's satisfaction of the judgment in 2006 and 2007.

On remand from the Supreme Court, the parties filed cross-motions for summary judgment on two issues: (1) whether plaintiffs were entitled to interest on the award of post-judgment interest that they obtained in *Young V* for the time between satisfaction of the judgment in 2006 and 2007 and when the state paid the post-judgment interest in 2010, and (2) whether those plaintiffs who terminated their employment after receiving overtime payments but before receiving interest payments were entitled to statutory penalties under ORS 652.150 because the state still owed them post-judgment interest. The trial court granted the state's motion for summary judgment and denied plaintiffs' cross-motion on both issues. Plaintiffs appeal.

The appeal is limited to the same two issues raised in the cross-motions for summary judgment. When reviewing cross-motions for summary judgment, "we examine whether there are any disputed issues of material fact and whether either party was entitled to judgment as a matter of law." *Vision Realty, Inc. v. Kohler*, 214 Or App 220, 222, 164 P3d 330 (2007).

Plaintiffs first assert that the trial court erred in granting the state's motion for summary judgment because plaintiffs, as a matter of law, are entitled to interest accruing between the time when the state paid the overtime compensation due to plaintiffs in 2006 and 2007 and the time when

the state paid post-judgment interest on that overtime compensation in 2010. The state argues that plaintiffs are not entitled to interest on the post-judgment interest, because that would amount to compound post-judgment interest, which is prohibited by ORS 82.010(2)(b). We agree with the state.

In interpreting a statute, our task is to determine the legislature's intended meaning by examining the text of the statute in context, along with any helpful legislative history and, if necessary, other aids to construction. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

The statute at issue here is ORS 82.010(2), which provides, in part:

"Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. The following apply as described:

"(a) Interest on a judgment under this subsection accrues from the date of the entry of the judgment unless the judgment specifies another date.

"(b) Interest on a judgment under this subsection is simple interest, unless otherwise provided by contract.

"(c) Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment."

Under paragraph (a), interest on a judgment accrues from the date of the entry of the judgment. Here, the trial court entered a final judgment in January 2003 and, consistently with paragraph (a), the Supreme Court held that post-judgment interest accrued from the date of that judgment. *Young V*, 346 Or at 519. Under paragraph (b), interest on that judgment is simple interest, because there is no contractual provision providing otherwise. Plaintiffs rely on paragraph (c) to argue that they are entitled to interest on interest that accrued between the date of the January 2003 judgment and the time that plaintiffs were paid for overtime in 2006 and 2007. But paragraph (c) merely provides that interest accrues on any *prejudgment* interest. The judgment

in this case was entered in January 2003, and it is the law of the case that plaintiffs were not entitled to prejudgment interest on that judgment. *Young V*, 346 Or at 511.

In sum, the text of ORS 82.010(2)(b) provides that interest on the judgment is simple interest. Plaintiffs' request for interest on the award of post-judgment interest would make that post-judgment interest no longer "simple interest," contrary to the plain language of the statute. Plaintiffs are entitled only to post-judgment interest on the amount of the original judgment, which they have already received, not interest on post-judgment interest.

Nonetheless, plaintiffs rely on two child support cases to argue that they are entitled to interest on interest: *Ramberg and Ramberg*, 123 Or App 281, 859 P2d 571 (1993), and *Mannix and Mannix*, 146 Or App 36, 932 P2d 70, *rev den*, 325 Or 491 (1997). That reliance is misplaced. In each of those cases, the father who had failed to pay child support argued that the court erred in awarding the mother a lump sum judgment that included child support arrearage and accrued interest and then provided that interest would accrue on that judgment at the rate of nine percent. *Ramberg*, 123 Or App at 286-87; *Mannix*, 146 Or App at 41. Citing ORS 82.010(2)(b), the fathers argued that the awards amounted to compound interest. *Id.* But, as we explained in *Mannix*,

> "in the unique context of unpaid child support payments that automatically become separate judgments under ORS 107.135(6)[4] when the amount due is not paid, the *effect* of entering a judgment consolidating the different amounts of interest due on each unpaid judgment is that the obligor does end up paying compound interest. However, this result does not violate the prohibition on compound interest of subsection (b) because the interest to run on the judgment entered under ORS 82.010(2) is simple interest."

146 Or App at 44 (emphasis in original).

Child support is different because it is due in installments and, when unpaid, ORS 107.135(7) *requires* that each

---

[4] *Renumbered as* ORS 107.135(7) (2003).

unpaid installment is a final judgment.[5] Here, unlike in the context of support, there is no statute that automatically transforms the state's unpaid interest into a separate judgment. And the trial court did not enter any judgments that included any previously accrued post-judgment interest. The only judgment that accrued interest was the January 2003 judgment, and plaintiffs have already received post-judgment interest on that judgment. The obligation to pay that post-judgment interest did not somehow automatically create a second judgment for any unpaid interest. Indeed, plaintiffs concede in their reply brief that "plaintiffs' claims for post-judgment interest for the late payment of their wages were never reduced to a judgment in 2006 [and] 2007 * * *." Accordingly, *Ramberg* and *Mannix* are not on point.[6] We conclude that the trial court did not err in granting the state's motion for summary judgment because plaintiffs are not entitled to receive interest on a delayed payment of post-judgment interest.

Plaintiffs next contend that ORS 652.150 requires the payment of a penalty for plaintiffs who terminated their employment with the state after receiving overtime payments but before receiving interest payments. Accordingly, plaintiffs argue, the trial court erred in denying plaintiffs' motion for summary judgment and granting the state's motion for summary judgment. The state asserts that those employees are not entitled to a statutory penalty, because unpaid post-judgment interest is not "compensation" or "wages" under ORS 652.150. Again, we agree with the state.

For plaintiffs' argument to succeed, the interest in this case would have to qualify as "compensation" or "wages" under ORS 652.150. ORS 652.150 provides, in part:

---

[5] ORS 107.135(7) provides, in part:

"The judgment is final as to any installment or payment of money that has accrued up to the time the nonmoving party, other than the state, is served with a motion to set aside, alter or modify the judgment. The court may not set aside, alter or modify any portion of the judgment that provides for any payment of money, either for minor children or for the support of a party that has accrued before the motion is served."

[6] We express no opinion about ORS 107.135(7) and interest that accrues on unpaid support installments because neither question is at issue in this case.

"[I]f an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced."

Plaintiffs argue that courts have given the term "wages" a liberal interpretation, *Hekker v. Sabre Construction Co.*, 265 Or 552, 558, 510 P2d 347 (1973), and, therefore, that we should conclude that "wages" include interest. We disagree. The cases that plaintiffs cite reflect the common understanding that wages are compensation for *performance of service* by an employee. *See, e.g., Olson v. Eclectic Institute, Inc.*, 201 Or App 155, 158-59, 119 P3d 791 (2005) (an automobile allowance is a "wage" as the term is used in ORS 652.150); *Wyss v. Inskeep*, 73 Or App 661, 666, 669 P2d 1161 (1985) (compensation for services includes fringe benefits); *see also* OAR 839-001-0410(5) (defining "wages" as "all compensation for performance of service by an employee for an employer whether paid by the employer or another person"). By contrast, plaintiffs received interest as a result of the litigation between plaintiffs and the state, ORS 82.010; the interest was not part of an employment agreement between the state and plaintiffs for compensation for performance of services. Plaintiffs provide no persuasive argument for the proposition that the term "wages" encompasses post-judgment interest. *Cf. Russell v. U. S. Bank National Association*, 246 Or App 74, 265 P3d 1 (2011) (discussing prejudgment interest and accrual of claims for penalty wages). Consequently, we conclude that the trial court did not err in granting the state's motion for summary judgment because plaintiffs were not entitled to a statutory penalty under ORS 652.150 with respect to the payment of post-judgment interest.[7]

Affirmed.

_____

[7] Because we agree with the state's argument that post-judgment interest is not "wages or compensation" under ORS 652.150, we need not reach the state's argument that plaintiffs' claim is barred by the doctrine of merger.